OPINION OF THE COURT
Michael D. Stallman, J.
*492 The District Attorney of New York County* moves for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint as failing to state a cause of action.
In this tort action, plaintiff seeks money damages for assault, false arrest and imprisonment, abuse of process, malicious prosecution, defamation and intentional infliction of emotional distress. These causes of action are asserted against an unknown police officer or officers, the City of New York, the Police Department of the City of New York and the District Attorney.
Plaintiff alleges that on February 13, 1999 police officers entered her apartment, assaulted her, handcuffed her and took her to the 28th Precinct where she was fingerprinted and photographed. Plaintiff claims she was then confined to a cell in the 28th Precinct until the next morning and then taken to Central Booking where she was again fingerprinted and photographed. Upon arraignment, the criminal court apparently set bail. Plaintiff alleges that she remained in custody for five days and was then released. Plaintiff asserts that on or about August 31, 1999, all charges were dismissed.
The claims against the District Attorney do not lie. First, County Law § 54 prevents suit for money damages against the “head of any agency, department, bureau, or office of a county” “for any act or omission” of subordinates. The District Attorney is an independently elected county officer who heads a county office or agency and who acts through his appointed assistants. Such tort actions may be brought against the county itself. (Id. ) County Law § 941 makes section 54 applicable to the counties within the City of New York. The City of New York, separately named as a defendant here, is the proper party defendant on a claim against an officer of a county lying within New York City. County Law § 54 accordingly bars the naming of a District Attorney, whether by individual name or by title, as a defendant in a negligence action based on the acts of his office.
Moreover, the complaint as amplified by the motion papers does not specify any conduct by the District Attorney, whether personally or by members of his office, let alone conduct that would be tortious. In opposition to this motion, plaintiff now admits that the police officers who allegedly “barged into [her] *493 apartment” and arrested and processed her were City employees, not employees of the District Attorney. (Plaintiff’s exhibit A, 3.) Thus, the only conduct plaintiff could conceivably allege against the District Attorney would be the processing of the police officers’ complaint, conduct which is part of the District Attorney’s traditional prosecutorial role, mandated by statute. (County Law § 700.)
Prosecutors have absolute immunity from civil suit in tort. The doctrine of absolute prosecutorial immunity bars suit against prosecutors for monetary claims arising from acts or omissions during a prosecution including the decision to initiate or decline prosecution. (See, Bowman v City of New York, Sup Ct, NY County, index No. 104323/99; see also, Hirschfeld v City of New York, 253 AD2d 53; Moore v Dormin, 252 AD2d 421.) The immunity applies both to the elected District Attorney and his assistants. Plaintiffs naming of the elected District Attorney as a defendant twice — both by name and by title — is a distinction without a difference. Despite plaintiffs argument, it is not an independent basis for liability.
Plaintiffs attorney’s unauthorized sur-reply, in which he alleges that District Attorney Morgenthau may have personal knowledge of the alleged wrongs committed against plaintiff, is utterly unsupported, and cannot be used either to rescue the instant claim or to bootstrap a meritless and untimely request to depose the District Attorney.
The complaint, even if viewed in a light most favorable to the pleader, fails to state a viable claim against the District Attorney. Indeed, when examined together with other proof on this motion, it is clear that no cognizable claim can be stated. (See, Guggenheimer v Ginzburg, 43 NY2d 268.)
Movant has not demonstrated entitlement to attorney’s fees. The request for attorney’s fees is denied.
The court does not here consider whether plaintiffs claims against the City defendants have merit.
Accordingly, it is ordered that the causes of action against defendant District Attorney of New York County and District Attorney Robert M. Morgenthau are severed and dismissed with costs and disbursements as taxed by the Clerk and the Clerk of the Court is directed to enter judgment accordingly; and it is further ordered that the balance of this action shall continue.

 Plaintiff redundantly named “District Attorney of New York County” and “District Attorney Robert L. [sic] Morgenthau” separately as defendants. On its own motion, the court amends the caption to correct the District Attorney’s middle initial to “M.”