*601 During a traffic stop, the police recovered a handgun from the glove compartment of plaintiffs vehicle. After being indicted for criminal possession of a weapon in the second degree, plaintiff successfully moved to suppress the gun, resulting in the dismissal of the indictment. Plaintiff then commenced this action alleging violation of his constitutional rights under 42 USC § 1983, and malicious prosecution.
As to the section 1983 claim, to the extent discernible, plaintiff appears to allege that the District Attorney’s adopted policy of “prosecut[ing] all gun charges, regardless of the circumstances,” encouraged illegal searches and seizures by the police and the overzealous prosecution of illegal gun possession cases by his assistant district attorneys (ADAs), and that this policy resulted in the violation of plaintiffs constitutional rights. Plaintiff also appears to be suing the District Attorney as an official policy maker for New York County and as the supervisor and trainer of the ADAs who prosecute cases on his behalf. Plaintiff does not allege that the District Attorney was personally involved in the illegal search or the prosecution of the criminal matter.
However, plaintiff failed to allege the existence of a constitutionally offensive policy, and the news article he submitted in which the District Attorney is quoted as saying that his office had made increased efforts to prosecute illegal gun possession cases is insufficient to show the existence of such a policy. In addition, to the extent plaintiff alleges that the District Attorney promulgated policies allowing police officers to engage in illegal searches, the allegation is unavailing, since the District Attorney does not set final policy for the New York City Police Department (see County Law § 700); that authority rests with the Police Commissioner (see NY City Charter § 434 [b]).
To the extent plaintiff alleges that the District Attorney discourages ADAs from being respectful of individuals’ constitutional rights when prosecuting gun possession cases, the allegation is unavailing because that managerial act, although administrative in nature, is subject to absolute immunity, since *602 it has an intimate connection with prosecutorial activity (see Van de Kamp v Goldstein, 555 US 335, 344-346 [2009]).
The claim for malicious prosecution is barred by County Law § 54, since plaintiff does not allege that the District Attorney was personally involved, and the only other basis for the claim is a respondeat superior theory (see Shmueli v New York City Police Dept., 295 AD2d 271 [1st Dept 2002]; Tucker v City of New York, 184 Misc 2d 491 [Sup Ct, NY County 2000]). Concur — Tom, J.P., Andrias, Saxe, DeGrasse and ManzanetDaniels, JJ.