■ JAMES C. MULLEN, Appellant, v STATE OF NEW YORK, Respondent.—Mahoney, P. J. Appeal from an order of the Court of Claims (Murray, J.), entered July 24, 1984, which granted the State's motion to dismiss the claim.

Claimant was arrested in February 1977 pursuant to a superior court information charging him with criminal sale of a controlled substance in the third degree, then a class A-III felony* (Penal Law former § 220.39). Pursuant to a plea bargain agreement, claimant, represented by counsel, waived indictment and pleaded guilty as charged. He was sentenced in Albany County Court to an indeterminate prison term of five years to life. CPL 195.10 (1) (b) provides, however, that a defendant may not waive indictment and be prosecuted by superior court information where he is charged with a class A felony. Pursuant to claimant's application, County Court vacated the conviction and ordered claimant held for Grand Jury action. Subsequently, claimant was tried in Albany County Court on a charge of criminal sale of a controlled substance based on an unrelated incident. He was found guilty and sentenced to an indeterminate prison term of 8⅓ years to life. The record does not reveal the disposition of the initial charge, but we note that claimant has been denied credit on his current sentence for time served on the prior charge pursuant to Penal Law § 70.30 (5).

Claimant commenced an action in the United States District Court for the Northern District of New York against, among

---

* The statute was amended in 1979 to provide that criminal sale of a controlled substance in the third degree is a class B felony (L 1979, ch 410, §§ 19, 30).

others, the State, the County Judge and the Department of Correctional Services. That action was dismissed and claimant's appeal therefrom was dismissed by the United States Court of Appeals for the Second Circuit. While the Federal action was pending, claimant commenced this action in the Court of Claims alleging that he was unlawfully imprisoned. The Court of Claims granted the State's motion to dismiss and this appeal ensued.

Claimant's essential allegation is that County Court unlawfully accepted his waiver of indictment to a class A-III felony and that the Department of Correctional Services unlawfully imprisoned him based on a void commitment. Initially, we note that a County Judge is a State officer or employee for whose conduct the State may be liable (Court of Claims Act § 9 [2]). While this court has previously held to the contrary *(Rossman v State of New York,* 40 AD2d 1046; *see, White v Waldron,* 67 AD2d 1016), those holdings have been vitiated by the Unified Court System Act of 1977, which makes County Judges and other judicial personnel State employees (Judiciary Law § 39 [1], [6]; *see, Saunsen v State of New York,* 81 AD2d 252, 254).

A crucial issue herein is whether the County Judge's actions were cloaked with judicial immunity. If they were, the State will not be liable to the extent that the claim is based on such actions *(cf. Johnson v Town of Colonie,* 102 AD2d 925, 926). A Judge's immunity will be lost only when he acts in the clear absence of jurisdiction *(Stump v Sparkman,* 435 US 349, 356-357; *La Pier v Deyo,* 100 AD2d 710). Here, in the prior Federal action, the District Court expressly found that County Court's "judicial acts were not performed in clear absence of all jurisdiction, although concededly [County Court] may have made an error in regard to jurisdiction or acted in excess of [its] jurisdiction". The scope of judicial immunity is the same under Federal and State law. Further, the doctrine of collateral estoppel prohibits a party from relitigating issues of fact and questions of law in a subsequent action which have previously been adjudicated by a court of competent jurisdiction *(see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Since the identical issue of County Court's immunity has already been determined in the prior Federal action, at which time claimant had a full and fair opportunity to litigate the issue, the Federal court's resolution of this issue is conclusive, and it precludes any finding of liability on the part of the State based on the actions of County Court.

The only remaining basis for liability against the State is

claimant's allegation of wrongdoing on the part of the Department of Correctional Services. The Department incarcerated claimant pursuant to a commitment. The Department is bound to implement a commitment regardless of whether the sentence is proper and it is conclusively bound by the contents of the commitment papers (*Middleton v State of New York*, 54 AD2d 450, 452, *affd* 43 NY2d 678). Here, the commitment was valid on its face. The fact that claimant was improperly allowed to waive indictment did not render the commitment facially invalid. Thus, there is no basis for liability against the State based on the conduct of the Department.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

