■ KERWYN WELCH, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 82503.) [610 NYS2d 21] —Orders, Court of Claims (Gerard Weisberg, J.), entered February 19, 1993, which granted defendant's motion to dismiss the claim and denied claimant's cross motion for leave to amend the claim to

add, *inter alia,* causes of action under 42 USC §§ 1981, 1983 and 1985, unanimously affirmed, without costs.

There being no dispute that the Civil Court had both personal and subject matter jurisdiction to determine claimant's renewal motion, the action of one of its Judges in deciding the renewal motion instead of transferring it to the Judge who decided the first motion is cloaked with judicial immunity, and thus cannot be the basis for a claim for damages *(see, Mullen v State of New York,* 122 AD2d 300, 301, *lv denied* 68 NY2d 609, *cert denied* 480 US 938). Similarly, the action of the court clerk in bringing the fact that claimant was proceeding *pro se* to the first Judge's attention, and the actions of other unspecified court personnel in failing to forward the motion to the first Judge, were quasi-judicial in nature and thus also cloaked with judicial immunity *(see, e.g., Johnson v Town of Colonie,* 102 AD2d 925, 926). Moreover, as noted by the Court of Claims, the claimed wrongful conduct, the net result of which was simply to request that claimant's Civil Court action go forward on the merits, cannot be viewed as having caused claimant any damage. Nor do the bald conclusory charges of racial bias make out a cause of action under the Federal statutes, or provide a basis for the assertion of respondeat superior liability against the State *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658, 691). We have considered claimant's other arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.