■ QUETSY WEINER, Respondent, v STATE OF NEW YORK, Appellant. [710 NYS2d 325] —Interlocutory judgment of the Court of

Claims of the State of New York, County of New York (Alan Marin, J.), entered on or about November 23, 1998, which, following a bifurcated bench trial on the issue of liability, found defendant liable for claimant's wrongful arrest, unanimously reversed, on the law, without costs, and the claim dismissed.

On July 30, 1993, claimant's former husband, John Torres, proceeding *pro se*, filed a violation of visitation petition in the Kings County Family Court, alleging that claimant Quetsy Weiner denied him visitation with their child on July 23, 1993. However, Torres was not in fact entitled to visitation on that day or on the weekend of July 24, 1993, pursuant to the order of visitation. Nevertheless, the Family Court petition clerk who assisted Torres merely included the allegations as made by Torres. On the strength of those allegations, an order to show cause was issued, and, ultimately, the Family Court issued a warrant for Weiner's arrest, pursuant to which she was arrested at her place of employment on August 31, 1993.

This action is based upon the claim that the Family Court employees who assisted Torres with respect to the claimed violation of visitation and submission of the petition to the warrant Judge were negligent, which negligence led to claimant's wrongful arrest. The Court of Claims held in favor of plaintiff on the issue of liability, holding that the doctrine of judicial immunity does not extend to the actions of non-judicial employees. We conclude, to the contrary, that in this context the conduct of court employees cannot form the basis for any liability on the part of the State.

It is undisputed that although the Judge and her staff are ultimately responsible for ascertaining the merits of the petition, the doctrine of judicial immunity provides them with absolute protection against an action such as this. Consequently, claimant attempts to place blame for her arrest on the clerks who assisted Torres with the petition forming the basis for claimant's arrest, for failing to note the fundamental error in his assertions.

At the outset, in view of the statutory limitation on Family Court clerks who assist *pro se* litigants in bringing a petition (*see*, Family Ct Act § 216-c), the clerks' conduct, as a matter of law, cannot be faulted. Family Court Act § 216-c provides:

"(a) Whenever a petitioner is not represented by counsel, any person who assists in the preparation of a petition shall include all allegations presented by the petitioner.

"(b) No clerk of the court or probation officer may prevent any person who wishes to file a petition from having such petition filed with the court immediately.

"(c) If there is a question regarding whether or not the family court has jurisdiction of the matter, the petition shall be prepared and the clerk shall file the petition and refer the petition to the court for determination of all issues including the jurisdictional question."

Pursuant to the terms of the statute, a clerk preparing a petition on behalf of a *pro se* petitioner is precluded from second-guessing the petitioner's allegations. As the Practice Commentary explains:

"this section totally divests clerks of the power to regulate the content and filing of petitions * * * [T]he provisions of this section make it quite likely that many petitions will be filed that lack legal merit or that contain unnecessary or improper allegations * * *

"subsection [a] seems to preclude the preparer of the petition from exercising sound judgment in excluding unneeded and prejudicial allegations * * *

"subsection [c] is intended to insure that a judge, rather than a clerk, determine the legal sufficiency of the petition." (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 216-c, at 183-184.)

In view of the statutory prohibition against the exercise of discretion by a Family Court clerk assisting an unrepresented litigant in preparing a petition, there can be no negligence in a clerk's failure to exercise judgment in processing the matter. Moreover, we conclude that in any case the clerk's conduct must be covered by the doctrine of judicial immunity.

The normal work of a court clerk who participates in the processing of legal proceedings is generally viewed as "quasi-judicial," thereby cloaking the clerk with judicial immunity (*see, Welch v State of New York*, 203 AD2d 80, 81).

Concededly, it has been held by some courts that judicial immunity does not apply to "ministerial" acts (*see, Lowe v Letsinger*, 772 F2d 308, 312 [7th Cir 1985] [judicial immunity applies to "judicial acts, but not to ministerial or administrative acts"]). However, we take the view that the question of whether the act of a court employee is immune from suit does not rest on whether it is discretionary or non-discretionary. On the contrary, judicial immunity "applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction'" (*Sindram v Suda*, 986 F2d 1459, 1461 [DC Cir 1993], citing *Mullis v United States Bankruptcy Ct.*, 828 F2d 1385, 1390 [9th Cir 1987], *appeal dismissed and cert denied*

486 US 1040; *Foster v Walsh*, 864 F2d 416, 417 [6th Cir 1988]; *Dellenbach v Letsinger*, 889 F2d 755, 763 [7th Cir 1989], *cert denied* 494 US 1085; *Rodriguez v Weprin*, 116 F3d 62 [2d Cir 1997]). As the Seventh Circuit Court of Appeals aptly noted, it is necessary to extend judicial immunity to non-judicial court personnel performing their prescribed functions, in order to avoid "[t]he danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts" (*Scruggs v Moellering*, 870 F2d 376, 377, *cert denied* 493 US 956).

The cases relied upon by claimant, involving police and probation officers who apply to the court for arrest warrants, are fundamentally distinguishable from the circumstances presented (*see, Malley v Briggs*, 475 US 335; *Gelatt v County of Broome*, 811 F Supp 61). Family Court clerks who assist in the preparation of papers are merely acting as scribes, entering the litigant's allegations onto the court's prescribed form. Their position and task is fundamentally distinct from that of a police officer or probation officer seeking an arrest warrant from the court, who stand as a party petitioning the court, in a position adverse to the respondent/defendant, and who must swear and affirmatively assert that based upon information known to them, there is a need for an arrest warrant to be issued (*compare, Gelatt v County of Broome, supra,* at 69). Claimant's reliance on *Cleavinger v Saxner* (474 US 193) is similarly misplaced.

The preparation of petitions by Family Court petition clerks is an integral part of the judicial process of hearing and ruling upon a violation of visitation claim, and, accordingly, judicial immunity precludes any negligence claim. Concur—Wallach, J. P., Andrias, Saxe and Buckley, JJ.