■ Moshe Rosenstein, Also Known as Marshall Ross, Appellant, v State of New York, Respondent. [829 NYS2d 93]—

Order of the Court of Claims of the State of New York (Alan C. Marin, J.), entered March 15, 2005, which, in a claim for money damages arising out of an erroneous default judgment against claimant in Housing Court, granted defendant's motion to dismiss the claim, unanimously affirmed, without costs.

Since the Housing Court judge who allegedly changed the date of claimant's trial without notifying claimant in order to grant claimant's landlord a default judgment had subject matter jurisdiction over claimant's landlord/tenant matter, any action taken by that judge in connection with that matter, even if

malicious or corrupt, is cloaked with absolute immunity (*see Murray v Brancato*, 290 NY 52, 55 [1943]). So too is the alleged wrongdoing of administrative judges, court officers and clerks in transferring and rescheduling the matter (*see Weiner v State of New York*, 273 AD2d 95, 97-98 [2000]). For the same reason, defendant cannot prevail on his claim administrators committed wrongdoing in not investigating his complaints about the allegedly corrupt judge and in not disciplining him (*see Mantell v New York State Commn. on Jud. Conduct*, 181 Misc 2d 1027, 1030-1031 [1999], *affd* 277 AD2d 96 [2000], *lv denied* 96 NY2d 706 [2001]). We have considered claimant's other arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.