■ SIDNEY G. GREER, JR., Appellant, v JOHN C. GARITO, as Justice of the Beekman Town Court, Respondent, et al., Defendant. [848 NYS2d 900]—

In an action, inter alia, alleging violations of the State and Federal Constitutions arising out of the arrest and prosecution of the plaintiff for violations of the Vehicle and Traffic Law, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 26, 2006, which granted the motion of the defendant John C. Garito, Justice of the Beekman Town Court of Dutchess County, for summary judgment dismissing the complaint insofar as asserted against him and, in effect, denied his cross motion pursuant to CPLR 3124 to compel disclosure.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant John C. Garito, Justice of the Beekman Town Court of Dutchess County, for summary judgment dismissing the complaint insofar as asserted against him as he demonstrated,

prima facie, that the doctrine of judicial immunity applied to his allegedly improper conduct (*see Montesano v State of New York,* 11 AD3d 435 [2004]; *Misek-Falkoff v Donovan,* 250 AD2d 579 [1998]; *see also Mireles v Waco,* 502 US 9, 11 [1991]). Because "[c]ourts have recognized that it is imperative to the nature of the judicial function that Judges be free to make decisions without fear of retribution through accusations of malicious wrongdoing" (*Mosher-Simons v County of Allegany,* 99 NY2d 214, 219 [2002] [internal quotation marks and citation omitted]), judicial immunity absolutely protects judges in the performance of their judicial functions (*id.,* at 214; *see Tarter v State of New York,* 68 NY2d 511, 518 [1986]). In opposition to Garito's prima facie showing, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention is without merit. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.