**H.E. Elya A. PEKER, Plaintiff–Appellant,**

v.

**Anna STEGLICH, Defendant–Appellee.**

No. 07–2379–cv.

United States Court of Appeals, Second Circuit.

April 27, 2009.

H.E. Elya A. Peker, Brooklyn, N.Y., pro se.

Lawrence H. Fogelman, Ross E. Morrison, Assistant United States Attorneys for Michael J. Garcia, United States Attorney, Southern District of New York, N.Y., for Appellee.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. MARK R. KRAVITZ,* District Judge.

## *SUMMARY ORDER*

Appellant H.E. Elya Peker, *pro se*, appeals the district court's dismissal of his complaint alleging a violation of the Federal Tort Claims Act ("FTCA"). We assume the parties' familiarity with the underlying

---

* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). We "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Id.*

The United States enjoys sovereign immunity; it cannot be sued without its consent, and such consent is a prerequisite for jurisdiction. *See United States v. Navajo Nation*, 537 U.S. 488, 502, 123 S.Ct. 1079, 155 L.Ed.2d 60 (2003). Congress has given limited consent to suit in the FTCA, which "does not create new causes of action, but only waives immunity under circumstances that would create liability 'in the same manner and to the same extent as a private individual under like circumstances.'" *Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir.1996) (quoting 28 U.S.C. § 2674). To satisfy the elements of the FTCA, a claim must be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* at 1264(quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (quoting 28 U.S.C. § 1346(b))). "Unless the claim is saved by some other waiver of sovereign immunity ... a claim which fails to state all six elements of § 1346(b) or which is otherwise excepted from § 1346(b) must be dismissed for lack of subject matter jurisdiction." *Id.* (citations omitted). "[A] plaintiff's cause of action must be comparable to a cause of action against a private citizen recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action." *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988) (quotation marks and citations omitted).

Under New York State law, judges are absolutely immune for acts undertaken in performance of their judicial function. *See Murray v. Brancato*, 290 N.Y. 52, 55, 48 N.E.2d 257 (1943). New York also provides immunity to judicial clerks in their performance of judicial functions. *See Mosher–Simons v. County of Allegany*, 99 N.Y.2d 214, 219–20, 753 N.Y.S.2d 444, 783 N.E.2d 509 (2002); *Weiner v. State*, 273 A.D.2d 95, 710 N.Y.S.2d 325 (1st Dep't 2000).

There is ambiguity in the New York case law regarding which acts by clerks are likely to be deemed "integral parts of the judicial function" and qualify a clerk for judicial immunity, *Weiner*, 273 A.D.2d at 97–98 and which acts by clerks are likely to be deemed "ministerial" in nature and fail to qualify a clerk for such immunity, *Lapidus v. State of New York*, 57 A.D.3d 83, 92, 866 N.Y.S.2d 711 (2d Dep't 2008). *Compare, e.g., Swain v. State of New York*, 294 A.D.2d 956, 957, 741 N.Y.S.2d 788 (4th Dep't 2002) (stating that clerks who assign counsel to indigent defendants perform duties "inherent" to the judicial function and are therefore "cloaked with judicial immunity"); *Welch v. State of New York*, 203 A.D.2d 80, 81, 610 N.Y.S.2d 21 (1st Dep't 1994) (finding that court clerks who failed to properly notify a Judge that a claimant was proceeding pro se and that the claimant had made a "renewal motion" were "cloaked

with judicial immunity") *with Hunt v. State of New York*, 36 A.D.3d 511, 513–14, 828 N.Y.S.2d 355 (1st Dep't 2007) (stating that court officers who failed to notify jail administrators that an inmate required protective custody made a ministerial omission that did not qualify them for immunity); *Nat'l Westminster Bank v. State of New York*, 155 A.D.2d 261, 262, 546 N.Y.S.2d 864 (1st Dep't 1989) (stating that a clerk's failure to record a judgment was a ministerial act not entitled to immunity).

Nevertheless, we conclude that the New York courts would find that a law clerk sued for negligence in filing documents or exhibits pertaining to a judicial proceeding, when clearly required to do so by statute, would be protected by judicial immunity. *Weiner*, 273 A.D.2d at 97("The normal work of a court clerk who participates in the processing of legal proceedings is generally viewed as 'quasi-judicial,' thereby cloaking the clerk with judicial immunity."); *Rosenstein v. State*, 37 A.D.3d 208, 208–09, 829 N.Y.S.2d 93 (1st Dep't 2007) (concluding that alleged wrongdoing of administrative judges, court officers, and clerks in "transferring and rescheduling" landlord/tenant dispute was cloaked with judicial immunity); *Swain*, 294 A.D.2d at 957 ("The Court has inherent power to assign counsel for an indigent defendant and the allegedly negligent acts of the Court and its clerks in connection with the assignment are cloaked with judicial immunity." (citations omitted)).

Steglich, in folding, filing, and storing Peker's exhibits, was performing a task that was basic and integral to the judicial function, namely the processing of an appeal in this Court. *See, e.g.,* Fed. R.App. P. 11(b)(2) (record on appeal must be forwarded from district court clerk to the circuit clerk, and a party must make advance arrangements with the clerks for transportation and receipt of bulky documents); Fed. R.App. P. 12(c) (circuit clerk must file record). This is true regardless of whether Steglich acted before or after the conclusion of the appeal. Thus, Steglich's acts were protected by judicial immunity, the FTCA does not waive the Government's sovereign immunity, and we lack subject matter jurisdiction over Peker's complaint.

Accordingly, there is no basis on which to challenge the order of the district court. For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**