10-4952-pr(L)
Ferranti v. Heinemann

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, Jr.,
> CHESTER J. STRAUB,
> ROSEMARY S. POOLER,
> > *Circuit Judges.*

_____

JACK FERRANTI,

> *Plaintiff-Appellant,*

-v.-                                                      10-4952-pr (L);
                                                         10-4953-pr (con)

ROBERT C. HEINEMANN, *et al.*,

> *Defendants-Appellees.*

_____

FOR APPELLANT:          Jack Ferranti, *pro se*, Glenville, WV.

FOR APPELLEES:          Loretta E. Lynch, United States Attorney, Eastern District of New York, Varuni Nelson, John Vagelatos, Assistant United States Attorneys, Of Counsel, Brooklyn, New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgments are **AFFIRMED**.

Plaintiff-Appellant Jack Ferranti, *pro se*, appeals from January 3, 2011 judgments of the United States District Court for the Eastern District of New York (Weinstein, *J.*) granting the appellees' motions to dismiss. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In evaluating a complaint pursuant to Rule 12(b)(6), the Court must determine if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The district court correctly found that Ferranti's complaints failed to state a claim. The defendants are not subject to suit under 42 U.S.C. § 1983 as they are not state actors, *see Touraco v. Port Auth. of New York and New Jersey*, 615 F.3d 129, 136 (2d Cir. 2010), or under 5 U.S.C. § 702, because the federal courts are not an agency of the government, within the meaning of the Administrative Procedure Act, *see* 5 U.S.C. § 701(b)(1)(B).

To the extent that Ferranti's damages claim against the United States can be construed as being brought under the Federal Tort Claims Act ("FTCA"), his claim was properly dismissed because the FTCA waives the Government's sovereign immunity only with respect to claims for injury "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), and New York courts would not recognize a tort claim based on a clerk of the court's decision to refer a request for relief to a judge. *See Rosenstein v. State*, 37 A.D.3d 208, 209 (1st Dep't 2007) (finding that court clerks were immune from suit based on their alleged transfer of the plaintiff's case to a different judge, in collusion with the defendant's attorney); *Welch v. State*, 203 A.D.2d 80, 81 (1st Dep't 1994) (finding court employees were immune from suit for claim that they failed to forward a renewal motion to the appropriate judge).

As to Heinemann, construing Ferranti's damages claim as having been brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and assuming that Ferranti were able to allege the other requirements of a *Bivens* action, his claim was properly dismissed because Heinemann is immune from suit. *See Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (finding that court clerks were entitled to absolute immunity from suit based on allegation that they improperly referred a party's request for an entry of default to a judge). Further, Ferranti is unable to challenge the district court's failure to recuse itself because Ferranti never moved for recusal in the district court. *See United States v. Yu-Leung*, 51 F.3d 1116, 1119-20 (2d Cir. 1995).

We have considered all of the Ferranti's arguments and find them to be without merit.

Accordingly, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
