(October 4, 2012)

LORRAINE MUNROE, Appellant, v PARK AVE SOUTH MANAGEMENT et al., Respondents. LORRAINE MUNROE, Appellant, v STATE OF NEW YORK, Respondent. [952 NYS2d 11]—

Supreme Court properly determined that plaintiff's action, alleging that her landlord and its managing agent overcharged her and failed to provide repairs and services, is barred by res judicata and collateral estoppel (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 486 [1979]). Those claims were asserted as counterclaims in a nonpayment action and dismissed by the Housing Court, and plaintiff's new allegation of harassment by defendants should have been raised in the Housing Court.

The Court of Claims correctly determined that the claims against the Housing Court Judge and the Supreme Court Judge, based upon the aforementioned proceedings, were barred by judicial immunity. Claimant did not assert that any of the judges' acts were performed in the clear absence of jurisdiction (*see Murray v Brancato*, 290 NY 52 [1943]; *Rosenstein v State of New York*, 37 AD3d 208 [1st Dept 2007]). In addition, the Court of Claims properly determined that the claim against the Housing Court Judge was untimely (*see* Court of Claims Act §§ 10 [3]; 11 [a]; *Byrne v State of New York*, 104 AD2d 782 [2d Dept 1984], *lv denied* 64 NY2d 607 [1985]). Concur—Gonzalez, P.J., Saxe, DeGrasse, Freedman and Román, JJ.