■ SANDRA MORRISON-ALLEN, Appellant, v STATE OF NEW YORK, Respondent. [54 NYS3d 877]—

In a claim, inter alia, to recover damages for the wrongful termination of her parental rights, the claimant appeals from an order of the Court of Claims (Marin, J.), dated November 23, 2015, which granted the defendant's motion pursuant to CPLR 3211 (a) and Court of Claims Act §§ 9 and 10 to dismiss the claim.

Ordered that the order is affirmed, with costs.

To the extent that the subject claim is predicated on allegations that the claimant was wrongfully involuntarily committed for psychiatric evaluation pursuant to Mental Hygiene Law § 9.39 (a), the time within which to file such a claim would have been two years from the date on which her involuntary commitment came to an end (see Boland v State of New York, 30 NY2d 337, 341-342 [1972]; Court of Claims Act § 10 [5]). As the claimant was released on November 23, 2005, and this claim was not filed until nearly 10 years later, it follows that any claim predicated on the alleged wrongful commitment is time-barred.

The remainder of the subject claim alleges, inter alia, that the Family Court, Queens County, wrongfully terminated the claimant's parental rights in 2013 (see Matter of Stephen Daniel A. [Sandra M.], 122 AD3d 837 [2014]). Contrary to the claimant's contention, the Court of Claims does not have the authority to review the merits of the Family Court's determination. Moreover, any acts done in the exercise of judicial functions by the Family Court Judge or court personnel are cloaked with immunity and, thus, cannot form the basis for a claim for damages against the State (see Best v State of New York, 116 AD3d 1198, 1199 [2014]; Rosenstein v State of New York, 37 AD3d 208 [2007]; Swain v State of New York, 294 AD2d 956, 957 [2002]; Welch v State of New York, 203 AD2d 80, 81 [1994]; Mullen v State of New York, 122 AD2d 300, 301 [1986]).

Accordingly, the Court of Claims properly granted the defendant's motion pursuant to CPLR 3211 (a) and Court of Claims Act §§ 9 and 10 to dismiss the claim. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.