Marrero v State of New York (2025 NY Slip Op 07294)

Marrero v State of New York

2025 NY Slip Op 07294

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-08673

[*1]Vonmarie Marrero, appellant, 
v
State of New York, respondent. (Claim No. 133916)

Sussman & Goldman, Goshen, NY (Jonathan R. Goldman of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Philip J. Levitz and Kartik Naram of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for wrongful arrest and commitment to the Orange County Jail, the claimant appeals from an order of the Court of Claims (Brian R. Haak, J.), dated April 29, 2024. The order granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, without costs or disbursements.
In 2018, the claimant had custody of her four children and, pursuant to a court order (hereinafter the support order), was supposed to receive child support payments from her ex-husband who is the father of the four children (hereinafter the father). In September 2018, the Orange County Support Collection Unit filed a petition for an order of commitment with the Family Court, Orange County, alleging that the father failed to comply with the support order. The father failed to appear at two subsequent court dates in October 2018, leading to the court issuing an arrest warrant for the father. At the following court date, the father appeared and was found to be in willful violation of the support order. On October 24, 2018, the court issued an order of commitment, which ordered that the father be committed to the Orange County Jail for 30 days unless he paid arrears in the amount of $5,382.82. Thereafter, the father filed a petition for relief from support payments and commitment. The caption in this petition listed the claimant as the petitioner and the father as the respondent. However, the intake clerk who received this petition appeared to have switched the claimant's and the father's designations in the proceeding.
In November 2018, the Family Court granted the father's petition to the extent of reducing the amount required for his release to $500, with ongoing monthly payments for the remainder of the arrears. The Judge's senior court clerk prepared an amended order of commitment to memorialize the Judge's ruling. The amended order of commitment drafted by the senior court clerk contained the switched caption listing the father as the petitioner and the claimant as the respondent. Due to this, the amended order of commitment erroneously directed the commitment of the claimant instead of the father for failure to pay child support. After the senior court clerk prepared the draft amended order of commitment, she reviewed the draft with the Judge's law clerk. The Judge then signed the amended order of commitment. On November 8, 2018, pursuant to the amended order of commitment, the claimant was arrested and incarcerated for approximately 15 [*2]hours.
In November 2019, the claimant commenced this claim against the State of New York. The State joined issue and subsequently moved for summary judgment dismissing the claim. In an order dated April 29, 2024, the Court of Claims granted the State's motion. The claimant appeals.
"Courts have recognized that it is imperative to the nature of the judicial function that Judges be free to make decisions without fear of retribution through accusations of malicious wrongdoing" (Mosher-Simons v County of Allegany, 99 NY2d 214, 219 [internal quotation marks omitted]; see Greer v Garito, 47 AD3d 677, 678). "Recognizing the distinct nature of the judicial process, judicial immunity . . . protects Judges only in the performance of their judicial functions" (Mosher-Simons v County of Allegany, 99 NY2d at 219-220 [internal quotation marks omitted]; see Morrison-Allen v State of New York, 152 AD3d 509, 510). "A logical extension of this premise is that other neutrally positioned government officials, regardless of title, who are delegated judicial or quasi-judicial functions should also not be shackled with the fear of civil retribution for their acts" (Mosher-Simons v County of Allegany, 99 NY2d at 220 [emphasis and internal quotation marks omitted]; see Pollack v Cooperman, 109 AD3d 973, 975). Thus, "[t]he common law provides absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who are integral parts of the judicial process" (Mosher-Simons v County of Allegany, 99 NY2d at 220 [alterations and internal quotation marks omitted]).
Here, the senior court clerk's error in drafting the amended order of commitment, which sought to effectuate in writing the Family Court Judge's determination on the father's petition, constituted an integral part of the judicial decision-making process (see id. at 219-220; Weiner v State of New York, 273 AD2d 95, 97-98). Moreover, contrary to the claimant's contention, "any acts done in the exercise of judicial functions by the Family Court Judge or court personnel are cloaked with immunity and, thus, cannot form the basis for a claim for damages against the State" (Morrison-Allen v State of New York, 152 AD3d at 510; see Montesano v State of New York, 11 AD3d 436, 436; Weiner v State of New York, 273 AD2d at 96-98).
Accordingly, the Court of Claims correctly granted the State's motion for summary judgment dismissing the claim.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court