Xu v Garry (2026 NY Slip Op 50081(U))

[*1]

Xu v Garry

2026 NY Slip Op 50081(U)

Decided on January 23, 2026

Supreme Court, Albany County

Kupferman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2026
Supreme Court, Albany County

Mrs. Xu, a Private Attorney General, Plaintiff,

againstElizabeth A. Garry, ROBERT D. MAYBERGER, AND AMY P. CONWAY, Defendants.

Index No. 6089-25

Mrs. Xu Xiaokang Shirley He 
a/k/a Xiaoling Shirley He 
Plaintiff, Pro Se
Letitia James, 
Attorney General of the State of New York
By: Gregory J. Rodriguez, 
Assistant Attorney General
Attorneys for Defendants

Richard A. Kupferman, J.

In this action, the plaintiff seeks monetary damages against the presiding justice of an appellate court, the clerk of the court, and the court's chief motion attorney based on their alleged delay in scheduling her motion for an extension of time to perfect her appeal. These appellate court defendants have filed a motion seeking to dismiss under CPLR 3211(a)(7). The plaintiff has filed a cross motion seeking to compel the defendants to either schedule her motion or pay monetary damages. On these dueling motions, the Court must determine whether the defendants are immune from civil liability and, if so, whether the extremely liberal motion and pleading standards set forth in the CPLR allow this case to survive in the form of a special proceeding under CPLR Article 78.BackgroundThe plaintiff, Mrs. Xu (a/k/a "Shirley He") made a motion to the Supreme Court, Appellate Division, Third Judicial Department requesting additional time to perfect her appeal. The proof of service for the motion indicates that Shirley He mailed the motion papers to the general counsel for the respondent on the appeal, S&C Electric Company ("S&C") to an address in Chicago. The proof of service does not indicate that the papers were mailed to anyone else.
The chief motion attorney for the appellate court informed Shirley He that the court required proof of service of the motion papers upon "the attorney for [her] adversary [Darcy [*2]Hansen, Esq.]."[FN1]
Shirley He was further informed that her motion would be scheduled upon the appellate court's receipt of the requested proof of service. Rather than simply mailing the papers to Attorney Hansen and filing proof of such service, Shirley He informed the appellate court that S&C did not object to the motion and that it did not want to spend money to respond. Shirley He subsequently accused the appellate court staff of engaging in frivolous conduct and criminal behavior. She also asserted that service of the motion on S&C's litigation counsel would result in an estimated legal fee of $48,824. She also informed the appellate court that she intended to take legal action against the clerks for "Tort" and that she would seek "money damages" against them for $48,824, plus punitive damages. 
Shortly thereafter, Shirley He filed a summons with notice in Albany County, Supreme Court, against the presiding justice of the appellate court, the clerk of the appellate court, and the chief motion attorney. The summons with notice indicates that the nature of the action includes, but is not limited to, negligence, misconduct, frivolous conduct, and grand larceny, and that the action seeks, among other things, monetary damages, punitive damages, a sanction of $10,000.00, and legal fees.
Shirley He subsequently filed a verified complaint, which contains five numbered paragraphs and five exhibits, including the motion for an extension of time, proof of service for the motion, and correspondence. In the complaint, Shirley He alleges that the defendants have, without legal grounds, repeatedly asked her to mail her motion to S&C's litigation counsel, Darcy Hansen, Esq., and that this has delayed her appeal. She further alleges that she mailed the motion papers to S&C's general counsel because S&C's litigation attorney has engaged in "misconduct" in the case, including by filing the underlying action against her "without the consent" of S&C's owner.
The defendants now seek to dismiss the complaint based on judicial immunity and quasi-judicial immunity and for failure to state a cause of action pursuant to CPLR 3211(a)(7). In response, Shirley He has opposed the motion and filed a cross-motion seeking to compel the defendants to either schedule her motion for the extension or pay the sum of $48,824. Shirely He disputes that the defendants have immunity. She contends that they violated purely ministerial duties by failing to submit the motion to the appellate justices for their review, and that such conduct is not immune from civil responsibility. 
Analysis
"When considering whether to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading is to be given a liberal construction, the allegations contained within it are assumed to [*3]be true and the plaintiff is to be afforded every favorable inference" (Sandman v City of Ithaca, 237 AD3d 1392, 1392-1393 [3d Dept 2025] [internal quotation marks, brackets, and citations omitted]). Nevertheless, this "liberal standard will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (id. at 1393 [internal quotation marks and citations omitted]).
"Under the doctrine of judicial immunity, a judge is immune from civil liability for any acts that he or she performs in the exercise of his or her judicial function" (Gagnon v Village of Cooperstown, NY, 189 AD3d 1724, 1726 [3d Dept 2020]; see Best v State of New York, 116 AD3d 1198, 1199 [3d Dept 2014]; Harley v State, 186 AD2d 324, 325 [3d Dept 1992]; Lombardoni v Boccaccio, 121 AD2d 828, 829-830 [3d Dept 1986]; see generally 3 Warren's Negligence in the New York Courts § 55.01 [Bender 2025]). Similarly, court personnel are also entitled to immunity when performing functions that are integral to the judicial process (see Morrison-Allen v State of New York, 152 AD3d 509, 510 [2d Dept 2017]; Weiner v State, 273 AD2d 95, 96-98 [1st Dept 2000]; see also Mosher-Simons v County of Allegany, 99 NY2d 214, 220 [2002]; Colombo v Schwartz, 15 AD3d 522, 523 [2d Dept 2005]; Peker v Steglich, 324 Fed Appx 38 [2d Cir 2009]). These protections allow the judiciary to function properly and shield court personnel from vexatious litigation (see Mosher-Simons, 99 NY2d at 219-220; Tarter v State, 68 NY2d 511, 518 [1986]; Best, 116 AD3d at 1199). 
Based on the facts alleged in the complaint, the Court agrees that the acts complained of constitute judicial acts for which the defendants are immune. Such acts concerned the review and processing of a motion for an extension of time in connection with an appeal in civil litigation. The motion was initially reviewed by the appellate court's chief motion attorney, who determined that the papers were insufficient. Shirley He then asked for assistance from the presiding justice and the clerk of the court, who either made their own assessment or relied on the chief motion attorney's assessment. As these acts involved the performance of functions integral to the appeals process, the defendants are absolutely immune from liability (see Mauyrrero v State of New York, 2025 NY Slip Op 07294 [2d Dept 2025]; Lombardoni, 121 AD2d at 830; see also Rodriguez v Weprin, 116 F3d 62, 67 [2d Cir 1997] ["even if viewed as performing an administrative task, the court clerks are entitled to immunity for harms allegedly related to the delay in scheduling appellant's appeal"]; Dinsio v Appellate Div., 1:16-CV-0324, 2017 US Dist LEXIS 109378 [NDNY July 14, 2017] [concluding that the state appellate court clerks at the Third Department were "entitled to absolute immunity because [they] were following established procedure when they proceeded under the mistaken belief that [the plaintiff] had not paid his filing fee"]; Humphrey v Court Clerk of the Second Circuit, 5:08-CV-0363, 2008 US Dist. LEXIS 35912, 2008 WL 1945308 [NDNY May 1, 2008]).
Further, the cases relied upon by Shirely He are readily distinguishable (compare Luckie v Goddard, 171 Misc 774 [Sup Ct, Monroe County 1939] [the complaint alleged that a police justice erroneously certified that property damage had occurred from reckless driving, which resulted in the plaintiff's license being suspended]; Scott v Niagara Falls, 95 Misc 2d 353, 356-357 [Sup Ct, Niagara County 1978] [a public defender allegedly lost or misplaced the plaintiff's file]). Unlike in those cases, as explained above, the alleged errors in this case occurred while the defendants were performing functions integral to the appeals process. 
In any event, even if the defendants' actions were not immune from civil liability, the cases relied upon by Shirley He are distinguishable for another reason. They involved negligence or ministerial errors. Here, in contrast, there is no specific negligence or error [*4]alleged in the complaint. Rather, Shirley He merely disagrees with the determination that she needed to file proof of service on her adversary. As the court rules required such proof of service to be filed, the acts of the appellate court defendants were in full compliance with the law and established court procedure (see 22 NYCRR 1250.1[c][2]; see also CPLR 2103[b]; Mitelman & Son Meat Processing, Inc. v Meat Packers & Butchers Supply Co., 272 AD2d 531, 531 [2d Dept 2000] [explaining that an attorney for a party means the party's attorney of record, and that a motion improperly served must be denied]). As such, the claims asserted in the complaint must be dismissed.
Further, while the relief requested in the complaint could be appropriate for a special proceeding under CPLR article 78, such a claim cannot survive the motion to dismiss for two main reasons.[FN2]
First, a proceeding under CPLR article 78 against a supreme court justice must be commenced in the appellate division, which did not occur in this case (CPLR 506[b][1]; 7804[b]). This Court therefore cannot proceed under CPLR article 78 given that the presiding justice is named as a defendant in the case (see Nolan v Lungen, 61 NY2d 788, 790 [1984]; Baba v Evans, 213 AD2d 248 [1st Dept 1995]). Second, even if this Court could proceed by severing the presiding justice from the case, the court rules provide the legal grounds for the defendants' actions (see 22 NYCRR 1250.1[c][2]; see also CPLR 2103[b]). As such, no grounds exist on which to grant any relief against the defendants under CPLR article 78. Any such claim against the defendants would be frivolous.
It is therefore,
ORDERED that the defendants' motion seeking to dismiss the complaint is GRANTED and the plaintiff's cross-motion is DENIED; and it is further
ORDERED, that the Verified Complaint is hereby DISMISSED in its entirety, with prejudice.
This constitutes the decision and order of the Court. The Court will arrange for the filing and entry of the original Decision and Order. The defendants' counsel is directed to serve a copy of this Decision and Order on the plaintiff by mail, together with notice of entry.
So-Ordered.
Dated: January 23, 2026
at Ballston Spa, New York
HON. RICHARD A. KUPFERMAN
Justice Supreme Court

Footnotes

Footnote 1:Notably, in the action underlying the appeal, S&C obtained a permanent injunction against Shirley He prohibiting her from, among other things, "contacting [S&C] or any of its employees" and from "serving any further legal papers upon [S&C] or any of its employees " (S&C Electric Company v Xiaoling Xu, Albany County Sup Ct, Index No. 901252-22, NYSCEF Document No. 186). In the underlying action, S&C's litigation counsel, Darcy Hansen, Esq., has filed a motion for contempt against Shirley He based on, among other things, several emails that she has sent to S&C's general counsel in connection with her communications to the court in the underlying action and the appellate court.

Footnote 2:As the complaint essentially alleges that the defendants have refused to perform a duty enjoined upon them by law and that the defendants acted without legal grounds, the Court reads the complaint broadly as requesting relief pursuant to CPLR article 78 (see CPLR 3025; 3026; 7803[1], [3]). The Court similarly reads the cross motion broadly as requesting permission to proceed in the form of a special proceeding under CPLR Article 78 (see CPLR 103[c]; see also Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR § 7801:3 [explaining that in certain circumstances "mandamus to compel may be invoked in connection with civil actions despite [the] general proscription against the use of Article 78 to challenge determinations made in such proceedings"]).