■ WILLIAM C. JAMEISON, Also Known as JAMES CARROLL, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32390.) — Claimant appeals from a judgment of the Court of Claims dismissing a claim against the State for damages on account of illegal convictions and confinement. The facts are undisputed. In December, 1913, claimant pleaded guilty to a felony in Kings County Court and was sentenced to Elmira Reformatory. In January, 1916, he pleaded guilty in the same court to another felony and was sentenced to a State prison. There followed two other felony convictions upon pleas of guilty, one in the Rensselaer County Court in 1919, and the last in Saratoga County in 1927. On the last conviction claimant was sentenced as a fourth offender to life imprisonment. Subsequently and in 1952 the first two convictions were vacated, presumably in a *coram nobis* proceeding, on the grounds that claimant was not advised before each plea of his right to counsel, and did not waive this right and was not represented by counsel. Thereafter he was resentenced in Saratoga County as a second felony offender, instead of a fourth offender, to a term of from 10 to 20 years. He had already served a term greater than the maximum of this sentence and was eligible for release except for the outstanding indictments of 1913 and 1916. He pleaded guilty to a misdemeanor under the 1913 indictment, and to the crime of burglary in the third degree under the 1916 indictment, and in both cases he was given a suspended sentence and released from custody. His claim here is that the State should respond in damages for his detention in prison beyond the term which he would have had to serve except for the abortive conviction in 1913 and 1916. Although the first two convictions were found subsequently to be illegal they were valid on their face and hence no liability can be found against the State because of any act on the part of the prison authorities (*Douglas* v. *State of New York,* 269 App. Div. 521, affd. 296 N. Y. 530; *Nastasi* v. *State of New York,* 275 App. Div. 524, affd. 300 N. Y. 473). The court below held that a County Judge is not a State

officer within the meaning of the Court of Claims Act, and properly so we think (Public Officers Law, § 2; County Law, §§ 400, 410, 411). His jurisdiction is limited to a particular county, he is paid from the funds of such county and is not subject to the direction of any State agency. (*Farrell* v. *State of New York,* 204 Misc. 148.) The court below also properly held that irrespective of the foregoing proposition the State is not liable for the errors of a judicial officer on the theory of *respondeat superior* or otherwise (*Koeppe* v. *City of Hudson,* 276 App. Div. 443; *Newiadony* v. *State of New York,* 276 App. Div. 59). What was said in the *Koeppe* case (p. 446) about the liability of a Judge acting without jurisdiction should perhaps be tempered lest a false impression be created. The general rule was correctly stated, i.e., " when a judge acts he must be clothed with jurisdiction, and acting without this he is but an individual, falsely assuming an authority he does not possess * * * In such a case he acts in a private capacity, and the responsibility is his own ". It was not intended by this language to convey the impression that a Judge is personally liable when he erroneously assumes jurisdiction in good faith. Judgment of dismissal affirmed, without costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur. [4 Misc 2d 326.]