JOHN J. BARDASCINI, Appellant, v JAMES H. REEDY, Respondent.

Third Department, March 18, 1976

*Richard A. Insogna* for appellant.

*Simon, Trieble & Werner (Robert S. Trieble* of counsel), for respondent.

KANE, J. The defendant is a Town Justice of the Town of Galway, Saratoga County, and the action against him is one for damages for false arrest and imprisonment. It appears that on May 16, 1972 plaintiff became the subject of a complaint of trespass and harassment lodged against him by a neighbor. The appropriate accusatory instruments were prepared by a Deputy Sheriff, with the complainant's assistance, in the office area of defendant's home designated for the conduct of judicial business. Plaintiff voluntarily arrived there at about the same time, but the sequence of what occurred thereafter is somewhat cloudy and is largely disputed by the parties. It is clear, however, that while in this office area plaintiff was summarily held in contempt of court by the defendant and was committed to the county jail for a period of five days. He secured his release therefrom on the following day by means of a writ of habeas corpus and thereafter commenced the instant action upon which Special Term has granted summary judgment in defendant's favor dismissing the complaint.

At issue on this appeal is whether the rules of judicial immunity preclude plaintiff's action. It is well settled that a Judge is immune from civil liability for acts done in the exercise of his judicial function and that this immunity extends to Judges of courts of limited jurisdiction *(Austin v Vrooman,* 128 NY 229; *Lange v Benedict,* 73 NY 12; *Seneca v Colvin,* 176 App Div 273; 32 NY Jur, Judges, § 38). It is plain that defendant here purported to act as a Judge and not in any private capacity. The question remains, however, whether his commitment of the plaintiff was done in the exercise of his judicial function.

Plaintiff appeared in a criminal action which had been

commenced against him in a town court and there is no dispute that defendant, as a Judge of that court, was authorized to conduct further proceedings in relation thereto (CPL 1.20, subds 16, 17, 18). Although not a court of record (cf. Judiciary Law, § 750), a Justice of a town court does have subject matter jurisdiction to summarily punish criminal contempts according to article 19 of the Judiciary Law (UJCA, §§ 210, 212, 2005). The error contained in the warrant of commitment which specified conviction of criminal contempt under section 215.50 of the Penal Law as a reason for detention, although it supplied grounds for plaintiff's release from custody in the habeas corpus proceeding, is as immaterial to the present inquiry as the dispute over whether plaintiff's conduct amounted to acts constituting criminal contempt as defined by section 750 of the Judiciary Law. Since defendant had jurisdiction over the person of the plaintiff and the authority to punish contempts summarily, any errors committed by him in furtherance of that power would be within the exercise of his judicial function and would furnish no basis for subsequent civil liability. It is evident that plaintiff's actions, whatever they may have been, occurred during a judicial proceeding, in the immediate presence of a Judge, and in a place designated for the conduct of judical business. Accordingly, his conduct fell within the scope of matters contemplated by statute as punishable in a summary fashion (Judiciary Law, § 750, subd A, par 1; § 755). Even if it be thought that defendant exceeded his jurisdiction because the alleged contempt did not occur upon a "trial or hearing" (Judiciary Law, § 755), this is not a case where a Judge was without power from the inception *(McCarg v Burr,* 186 NY 467); he had jurisdiction to decide with immunity whether the situation fell within his existing powers of summary contempt. Summary judgment dismissing the complaint was, therefore, properly granted *(Jameison v State of New York,* 7 AD2d 944; *Szerlip v Finnegan,* 77 Misc 2d 655, affd 47 AD2d 603).

The order should be affirmed, without costs.

KOREMAN, P.J., SWEENEY, MAHONEY and LARKIN, JJ., concur.

Order affirmed, without costs.