■ DANE R. PALMQUIST, Respondent, v CITY OF ALBANY et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 28, 1984 in Albany County, upon a verdict rendered at Trial Term (Bradley, J.).

On this appeal, defendants argue the excessiveness of the verdict and, at the very least, for its downward modification for the erroneous inclusion therein of $1,500 for plaintiff's counsel fees. This amount was stipulated by counsel for all parties to be the fair and reasonable value of the legal services performed by plaintiff's attorney in connection with his representation of plaintiff as to the matters underlying plaintiff's suit. These matters include the manner of plaintiff's arrest on October 24, 1979 at 10:15 P.M. at the Rhum Runners Lounge in the City of Albany by Police Officers Michael J. Connell and Thomas Fitzpatrick, who charged plaintiff with disorderly conduct and resisting arrest. These charges were adjourned in contemplation of dismissal in Albany City Police Court on or about November 6, 1979 for a period of six months and were ultimately dismissed on May 6, 1980. Thereupon, plaintiff commenced the instant suit against the city, its police department and the two officers for (1) false arrest/imprisonment, (2) assault and battery, (3) malicious prosecution and (4) prima facie tort. The latter two causes of action were voluntarily discontinued by plaintiff just prior to the commencement of trial, and the jury rendered a verdict of $20,000 in compensatory damages to plaintiff on his causes of action for false arrest/imprisonment and assault and battery.

Although agreeing that counsel fees in the amount of $1,500 were, in toto, fair and reasonable for the legal representation afforded plaintiff, counsel for defendants objected to the trial court's charge of that amount as an item of damages on the first two causes of action, which were the only actions submitted to the jury.

We agree with defendants in this regard. The law is very specific that damages for false imprisonment are measured only to the time of arraignment and will not include counsel fees for the subsequent defense of the criminal prosecution (*cf. Worden v Davis*, 195 NY 391, 395), such damages being properly attributable to the tort of malicious prosecution (*Woodard v City of Albany*, 81 AD2d 947). Where, as here, malicious prosecution has not been established, plaintiff will

be limited to those legal fees incurred up to and including the evaluation by a neutral body that the charges are warranted, which is the arraignment herein (*Broughton v State of New York,* 37 NY2d 451, 459). There is insufficient proof in the record to establish that plaintiff's legal fees were limited to the defense of the arrest itself and not the criminal action. Indeed, plaintiff testified only that he incurred those legal fees in defending himself against the charges of disorderly conduct and resisting arrest. Inasmuch as plaintiff failed to prove that the stipulated counsel fees applied solely to the cause of action for false arrest, his proof has failed in that regard and any verdict must be reduced by that amount.

With respect to the verdict itself, we find no excessiveness. The testimony revealed that plaintiff sustained a fracture to the anterior nasal maxillary spine and a separate fracture to the anterior portion of the cartilaginous septum. As a result, plaintiff suffers from an obstruction of his left nares from a deviated septum. This condition is permanent and corrective surgery has been recommended. Additionally, plaintiff suffered bleeding from the nose, swollen eyes, pain, recurrent headaches and nightmares. He was spread-eagled and searched in public, handcuffed, embarrassed, incarcerated for about three hours without medical treatment, and underwent fingerprinting and photographing. In our opinion, these factors substantially support the verdict rendered, reduced, of course, by the award for counsel fees.

Judgment modified, on the law and the facts, without costs, by reducing it to the sum of $18,500, with interest thereon from April 27, 1984, and, as so modified, affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.