■ STEVEN ST. JOHN, Appellant, v TOWN OF MARLBOROUGH et al., Respondents.—Weiss, J. Appeals (1) from an order of the Supreme Court (Cobb, J.), entered August 30, 1989 in Ulster County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

On January 28, 1988, plaintiff was arrested pursuant to a warrant issued by the Justice Court in the Town of Marlborough upon the sworn complaint of his wife based in part upon violations of an outstanding order of protection of the Ulster County Family Court. Police from the Town of New Windsor in Orange County made the arrest and turned him over to defendant Charles Castrogiovanni, a Town of Marlborough police officer. Plaintiff was transported by Castrogiovanni to the town police station, where he was fingerprinted and later arraigned in Town Court and held for several hours prior to posting of bail. On June 1, 1988, the criminal charges were adjourned in contemplation of dismissal. This action for money damages was commenced against Castrogiovanni and defendant Town of Marlborough alleging false arrest, false imprisonment and malicious prosecution. Defendants moved

for summary judgment and plaintiff cross-moved to add a cause of action against the town alleging that negligent supervision of Castrogiovanni resulted in the acts set forth in the original complaint. Plaintiff has appealed the award of summary judgment to defendants and denial of his cross motion to amend. We affirm.

An arrest warrant validly issued by a court having jurisdiction precludes an action for false arrest against the municipality and the police officers involved with its execution *(Broughton v State of New York,* 37 NY2d 451, 456-458, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929) and, accordingly, the confinement here was privileged (Restatement [Second] of Torts § 35). Further, a cause of action for malicious prosecution fails when the underlying prosecution is not terminated in the plaintiff's favor. An adjournment in contemplation of dismissal, again as was the case here, is not a termination in plaintiff's favor *(Hollender v Trump Vil. Coop.,* 58 NY2d 420).

Plaintiff alleges that Castrogiovanni made scurrilous and untrue remarks to the Town Justice motivated by malice and his amorous interest in plaintiff's wife. Plaintiff further alleges this input by Castrogiovanni was made at the request of plaintiff's wife and resulted in high bail and several hours of additional confinement before the bail could be posted. Plaintiff contends that these remarks destroy the privilege of the confinement asserted in defense of his false arrest claim. However, there was no false arrest because the judicial proceedings had been commenced with the issuance of the arrest warrant, and continued with the arraignment prior to the acts of which plaintiff complains *(see, Boose v City of Rochester,* 71 AD2d 59, 66). Even with a warrantless arrest, the cause of action for false arrest terminates with an arraignment *(Broughton v State of New York, supra,* at 459; *Palmquist v City of Albany,* 112 AD2d 624). While the remarks might be relevant to plaintiff's malicious prosecution claim to establish malice *(see, Boose v City of Rochester, supra,* at 65), that claim has otherwise failed.

Finally, plaintiff contends that Supreme Court erroneously denied his cross motion to add the additional claim of negligent supervision by the town over its police officer, who plaintiff alleges discharged his duties in a negligent and unprofessional manner. He alleges that Castrogiovanni made threats while transporting and processing plaintiff, and made unfavorable comments during bail consideration urging that higher bail be set. Such a negligence cause of action does not exist *(see, Stalteri v County of Monroe,* 107 AD2d 1071; *Boose v*

*City of Rochester, supra,* at 62) and any remedies available to plaintiff would lie with the traditional intentional torts such as slander, abuse of process or malicious prosecution if plaintiff had ultimately prevailed in the underlying criminal proceeding. Furthermore, the new claim alleges acts predating his arrest which were not referred to in the notice of claim and which substantially alter the nature of that claim. The time to make such allegations has expired *(see,* General Municipal Law § 50-e; *Demorcy v City of New York,* 137 AD2d 650, 651).

Order and judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.