Mary R. McKEON, Plaintiff–Appellant,

v.

Michael E. DALEY, Individually and as District Attorney for the County of Herkimer, State of New York, County of Herkimer, New York, Defendants–Appellees,

John F. Ahern, Individually and as an employee, agent and servant of the NYS Police, New York State Division of Police, Defendants.

No. 00–9251.

United States Court of Appeals, Second Circuit.

May 17, 2001.

---

L. John Van Norden, Esq., Schenectady, NY, for plaintiff-appellant.

Blair W. Todt, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY, for defendants-appellees.

Present OAKES, WINTER and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Mary McKeon ("McKeon") appeals an order of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) granting the Defendants–Appellees' motion for summary judgment and dismissing her complaint, which alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983, against them in its entirety.[1] *McKeon v. Daley*, 101 F.Supp.2d 79 (N.D.N.Y.2000).

As the factual background of this case is adequately related in the District Court's opinion, it will not be repeated here. The District Court dismissed McKeon's claims against Defendant–Appellant County of Herkimer because McKeon failed to raise a genuine issue of material fact regarding the existence of any municipal custom or policy relating to her prosecution for perjury. The District Court also dismissed her claims against Defendant–Appellant Michael E. Daley ("Daley") in his official capacity in light of the state's Eleventh Amendment immunity. As to McKeon's claims against Daley in his individual capacity, the District Court found that Daley was entitled to absolute or qualified immunity for his actions relating to her claims of false arrest and malicious prosecution. As to McKeon's remaining claim against Daley, regarding his alleged unlawful custodial interrogation of her before her grand jury testimony, the District Court found that McKeon failed to raise sufficient facts to establish a violation of her Fourth Amendment rights. McKeon challenges all of these findings on appeal.

For essentially the reasons provided by the District Court, we affirm the dismissal of McKeon's claims alleging malicious prosecution and false arrest against Daley in his individual capacity, her claims against Daley in his official capacity, and her claims against the County of Herkimer. Even presuming that Daley gave Ahern the expired subpoena, we agree with the District Court's conclusion that McKeon failed to raise a genuine issue of material fact regarding Daley's alleged violation of her Fourth Amendment rights. As the District Court indicated, McKeon recognized the subpoena was "expired" be-

---

1. Although the caption to the appeal indicates that the New York State Division of Police was also a defendant below, it was terminated as a party on February 11, 1998 shortly after the complaint was filed. The case against the remaining defendant, John F. Ahern ("Ahern"), proceeded to trial, with the jury returning a verdict in favor of Ahern.

fore she agreed to accompany Ahern; she consulted with her attorney before agreeing to accompany Ahern to Daley's office; and she received the benefit of her attorney's presence and advice at Daley's office. *See United States v. Lee,* 916 F.2d 814, 819 (2d Cir.1990) (listing factors to determine whether a reasonable person, in light of all the circumstances, would feel that he was not free to leave); *cf. United States v. Waksal,* 709 F.2d 653, 660 (11th Cir.1983) (finding violation of Fourth Amendment rights when officers retained suspect's airline ticket and driver's license and gave no indication that suspect was free to leave, to refuse consent to a search, or to contact an attorney).

For the reasons provided above, the judgment of the District Court is AFFIRMED.