■ SARIT SHMUELI, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Defendant, and ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [743 NYS2d 871] —Order, Supreme Court, New York County (Joan Madden, J.), entered on or about January 18, 2001, which granted defendant District Attorney Robert M. Morgenthau's motion to dismiss the complaint as against him, for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff's state law claim against District Attorney Morgenthau for negligent hiring, supervision and training was properly dismissed, since plaintiff's General Municipal Law § 50-e notice failed to assert such a claim or allege any facts from which defendant could have gleaned plaintiff's intention to raise such a claim (*see, Urena v City of New York*, 221 AD2d 429; *Brown v New York City Tr. Auth.*, 172 AD2d 178, 180; *St. John v Town of Marlborough*, 163 AD2d 761, 763).

Plaintiff's remaining state law claims against District Attorney Morgenthau, seeking to hold him vicariously accountable for the acts or omissions of his subordinates, were also properly dismissed, since claims premised on vicarious liability do not lie against the head of a county agency (*see*, County Law §§ 54, 941; *Barr v County of Albany*, 50 NY2d 247, 257).

Plaintiff's claim against District Attorney Morgenthau predicated on 42 USC § 1983 was also properly dismissed, since plaintiff has failed to allege direct participation by him in the alleged wrongful acts, a failure by him to remedy a wrong after discovering it, a policy or custom in the District Attorney's office which encouraged or permitted the alleged wrongful acts, or gross negligence in District Attorney Morgenthau's supervision of his subordinates (*see, McKeon v Daley*, 101 F Supp 2d 79, 91, *affd* 8 Fed Appx 138 [2d Cir]). Concur—Williams, P.J., Nardelli, Saxe, Sullivan and Friedman, JJ.