■ Linda Salzano, Appellant, v Town of Poughkeepsie, Respondent. [751 NYS2d 130] —Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 14, 2001 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In March 1996, plaintiff purchased a 1996 Jeep Cherokee Limited from Dutchess Dodge, Inc. for which she wrote a check in the amount of $6,000. Plaintiff's check subsequently was returned to Dutchess Dodge for insufficient funds, as the result of which plaintiff received an appearance ticket issued by the

Town Court of the Town of Poughkeepsie in Ulster County. Plaintiff appeared in court on July 2, 1996 without counsel and, after the matter was adjourned on a number of occasions to permit plaintiff to retain counsel, the court set an adjournment date of August 6, 1996. Plaintiff failed to appear on that date, as the result of which a bench warrant for plaintiff's arrest was issued. Upon learning of the arrest warrant, plaintiff appeared in court with counsel on September 3, 1996. At that time, the case was continued to a new date and the Town Judge recused himself as he had represented the complainant, Dutchess Dodge, on prior unrelated matters. For whatever reason, the record reveals that the arrest warrant was not withdrawn.

On November 8, 1996, plaintiff was arrested at her home in the Town of Marlborough, Ulster County, on an unrelated incident. As the result of a routine computer check, the Marlborough police learned of plaintiff's outstanding arrest warrant in Poughkeepsie and transferred her to the Poughkeepsie police. Plaintiff spent the night in jail and was released on bail the following day. Plaintiff thereafter commenced this action against defendant for false arrest and imprisonment. Following joinder of issue, defendant moved for summary judgment. Supreme Court granted the motion finding, inter alia, that the Town Judge's actions were cloaked with judicial immunity. This appeal ensued.

We affirm. Plaintiff's contention that judicial immunity applies solely to courts of record is unfounded. As we previously have held, "[i]t is well settled that a [j]udge is immune from civil liability for acts done in the exercise of his judicial function and [such] immunity extends to [j]udges of courts of limited jurisdiction" (*Bardascini v Reedy*, 51 AD2d 271, 272, *lv denied* 40 NY2d 803). Thus, the Town Judge's inadvertent failure to revoke the bench warrant following plaintiff's appearance on September 3, 1996 cannot render defendant liable (*see Shea v County of Erie*, 202 AD2d 1028, 1028-1029). Moreover, where, as here, the arresting officers acted upon a facially valid warrant issued by a court possessing jurisdiction to do so, an action for false arrest against the municipality will not lie (*see St. John v Town of Marlborough*, 163 AD2d 761, 762). We have considered plaintiff's remaining contentions and find them equally without merit.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.