■ TIMOTHY BEST, Appellant, v STATE OF NEW YORK, Respondent. [984 NYS2d 214]—

Stein, J. Appeal from an order of the Court of Claims (Hard, J.), entered November 27, 2012, which, among other things, granted defendant's cross motion to dismiss the claim.

Claimant commenced this action alleging that Supreme Court Justice James Gilpatric had engaged in "Intentional Professional and Malicious Misconduct" in the manner in which he presided over an action that claimant had brought in Supreme Court.* In its answer to the claim in the instant action, defendant asserted, among other things, the defense of judicial immunity. Claimant moved for summary judgment and defendant cross-moved to dismiss the claim for failure to state a cause of action or, alternatively, for summary judgment dismissing the claim. The Court of Claims found, among other things, that judicial immunity barred the claim, denied claimant's motion

---

* Claimant asserted, among other things, that Gilpatric improperly advised a defendant in the Supreme Court action to file a summary judgment motion and then granted it.

for summary judgment and granted defendant's cross motion to dismiss. Claimant now appeals, and we affirm.

It is well settled that a "[j]udge is immune from civil liability for acts done in the exercise of his [or her] judicial function" (*Salzano v Town of Poughkeepsie*, 300 AD2d 716, 717 [2002] [internal quotation marks and citation omitted]; *see Mosher-Simons v County of Allegany*, 99 NY2d 214, 219 [2002]; *Davey v State of New York*, 31 AD3d 600, 600 [2006]; *Slavin v State of New York*, 206 AD2d 651, 652 [1994], *appeal dismissed* 84 NY2d 863 [1994], *cert denied* 513 US 1194 [1995]). "Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation" (*Lombardoni v Boccaccio*, 121 AD2d 828, 829 [1986] [internal quotation marks and citation omitted]) and "discourages inappropriate collateral attacks on court rulings and fosters judicial independence by protecting courts and judges from vexatious litigation" (*Mosher-Simons v County of Allegany*, 99 NY2d at 219). There are only two recognized exceptions to the broad cloak of judicial immunity, namely "when a [j]udge does not act as a [j]udge, or when a [j]udge, though acting under color of judicial authority, lacks any jurisdiction supporting judicial authority for the action taken" (*Alvarez v Snyder*, 264 AD2d 27, 34 [2000]; *see Harley v State of New York*, 186 AD2d 324, 325 [1992], *appeal dismissed* 81 NY2d 781 [1993]). As to the latter exception, there is a clear " 'distinction between acts performed in excess of jurisdiction[, which fall within the scope of immunity,] and acts performed in the clear absence of any jurisdiction over the subject matter,' " which do not (*Moulton v State of New York*, 114 AD3d 115, 123 [2013], quoting *Sassower v Finnerty*, 96 AD2d 585, 586 [1983], *appeal dismissed* 61 NY2d 756 [1984], *lv denied* 61 NY2d 985 [1984]).

The allegations made by claimant here clearly challenge the manner in which Gilpatric acted in a matter pending before him. None of the acts of which claimant complains were taken by Gilpatric outside his judicial capacity or were beyond the scope of his jurisdiction (*see Colin v County of Suffolk*, 181 AD2d 653, 654 [1992], *lv denied* 80 NY2d 756 [1992]). As a result, the Court of Claims properly determined that Gilpatric was protected by judicial immunity and dismissed the instant claim (*see Salzano v Town of Poughkeepsie*, 300 AD2d at 717; *see also Colin v County of Suffolk*, 181 AD2d at 654; *Sassower v Finnerty*, 96 AD2d at 586).

Claimant's remaining contention has been rendered academic as a result of this decision.

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.