■ In the Matter of DAVID MAXWELL, Petitioner, v BARBARA G. ZAMBELLI, as an Acting Justice of the Supreme Court, Westchester County, Respondent. [24 NYS3d 517]—Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit Barbara G. Zambelli, an Acting Justice of the Supreme Court, Westchester County, from determining the petitioner's motion pursuant to CPL 440.10 to vacate a judgment of conviction in an underlying criminal action entitled *People v Maxwell*, filed under Westchester County indictment No. 1481/00 and, in ef-

fect, in the nature of mandamus to compel Barbara G. Zambelli to decide the petitioner's motion for recusal, and application by the petitioner for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the branch of the petition which is, in effect, in the nature of mandamus to compel the respondent to decide the petitioner's motion for recusal is denied as academic, and the petition is otherwise denied on the merits and the proceeding is dismissed, without costs or disbursements.

The branch of the petition which is to compel Barbara G. Zambelli, a Justice of the Supreme Court, Westchester County, to decide the petitioner's motion for recusal has been rendered academic in light of the determination of that motion in an order of the Supreme Court, Westchester County, dated November 17, 2015.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). The petitioner failed to establish a clear legal right to relief in the nature of prohibition. Rivera, J.P., Balkin, Roman and Sgroi, JJ., concur.