■ TOWN OF TURIN, Appellant, v JAMES E. CHASE, Respondent. [54 NYS3d 269]—

Appeal from an order of the Supreme Court, Lewis County (Hugh A. Gilbert, J.), entered March 2, 2016. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The Town of Turin (plaintiff) commenced this

action against James E. Chase, a former town justice (defendant), to recover damages arising from, inter alia, defendant's alleged mishandling of fines and fees and his failure to maintain complete and accurate books and records while in office. Defendant moved for summary judgment dismissing the complaint, contending that the alleged actions and omissions took place within the context of his judicial capacity and thus were cloaked with judicial immunity. Supreme Court granted the motion, and we affirm.

Plaintiff contends that defendant's actions were performed outside his judicial capacity and that the court therefore erred in granting the motion. We reject that contention. It is well established that "a judicial officer acting within the limits of his [or her] jurisdiction is not civilly liable, though his [or her] act may be wrong" (*Seneca v Colvin*, 176 App Div 273, 274 [1917]; *see Swain v State of New York* [appeal No. 2], 294 AD2d 956, 957 [2002], *lv denied* 99 NY2d 501 [2002]). When a judge performs actions in carrying out duties mandated by the applicable statutes and regulations, those actions "fall within the scope of judicial immunity though done maliciously or corruptly" (*Murray v Brancato*, 290 NY 52, 57 [1943]; *see Rosenstein v State of New York*, 37 AD3d 208, 208-209 [2007]). Judicial immunity, however, does not protect a judge who is not acting as a judge or who lacks jurisdiction supporting any authority for his or her actions (*see Best v State of New York*, 116 AD3d 1198, 1199 [2014]; *see also Mireles v Waco*, 502 US 9, 11-12 [1991]).

We conclude that defendant's alleged improper actions and omissions were cloaked with judicial immunity inasmuch as the handling of fines and fees, and the keeping of books and records related thereto, are duties of a town justice mandated by statute and regulation. The Uniform Civil Rules for the Justice Courts (22 NYCRR 214.1 *et seq.*) require every town justice to deposit any monies received by the court into a separate bank account pending disposition, and to maintain proper books and records (*see* 22 NYCRR 214.9 [a]; 214.11). The Uniform Justice Court Act requires the court to pay all fines and penalties collected to the persons or agencies entitled to such funds (*see* Uniform Justice Ct Act § 2020; *see also Matter of Corning*, 95 NY2d 450, 451 [2000]). Thus, we conclude that none of the acts or omissions alleged in the complaint were outside of defendant's judicial capacity or were beyond the scope of his jurisdiction. The court therefore properly determined that defendant was protected by judicial immunity, granted the motion, and dismissed the complaint (*see Best*, 116 AD3d at 1199). Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.