Gagnon v Village of Cooperstown, N.Y. (2020 NY Slip Op 07256)





Gagnon v Village of Cooperstown, N.Y.


2020 NY Slip Op 07256


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529311

[*1]Sally A. Gagnon, Respondent,
v
Village of Cooperstown, New York, et al., Appellants.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Johnson & Laws, LLC, Clifton Park (Loraine C. Jelinek of counsel), for appellants.
Law Office of David G. Goldbas, Utica (Colin LaReaux of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Burns, J.), entered May 7, 2019 in Otsego County which partially denied defendants' motion for summary judgment dismissing the complaint.
On October 7, 2016, plaintiff's adult daughter (hereinafter the daughter) filed a report with the Village of Cooperstown Police Department (hereinafter CPD) alleging that plaintiff had been withdrawing money from her account at NBT Bank without her knowledge or consent. Following an investigation into the daughter's allegations, the CPD sought and obtained a warrant for plaintiff's arrest. Plaintiff was subsequently arrested and arraigned in Otsego Town Court on the felony charge of grand larceny in the third degree and released on her own recognizance. Roughly three weeks later, on November 30, 2016, plaintiff presented to NBT Bank a power of attorney signed by the daughter in 2011, which authorized plaintiff to act as the daughter's attorney-in-fact in banking transactions, as well as other matters. The bank manager immediately contacted the CPD and provided copies of the power of attorney. On April 20, 2017, the Otsego Town Court dismissed the grand larceny charge against plaintiff.
In January 2018, plaintiff commenced this action, asserting causes of action for false arrest and false imprisonment, malicious prosecution and negligence. Defendants — the Town of Otsego (hereinafter the Town) and the Village of Cooperstown (hereinafter the Village) — separately joined issue. Thereafter, prior to the completion of discovery, defendants jointly moved for summary judgment dismissing the complaint.[FN1] Supreme Court granted the motion to the extent of dismissing as time-barred the false arrest and false imprisonment claim and negligence claim, but denied the motion as to the malicious prosecution claim. Defendants appeal.
Defendants contend that plaintiff's malicious prosecution claim should have been dismissed for failure to state a claim (see CPLR 3211 [a] [7]). In determining whether a plaintiff has stated a cause of action, we afford the complaint a liberal construction, accept the facts alleged as true, accord the plaintiff the benefit of every favorable inference and determine only whether the alleged facts fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87—88 [1994]; State of New York v Jeda Capital-Lenox, LLC, 176 AD3d 1443, 1445 [2019]). To state a claim for malicious prosecution, a plaintiff must allege that a criminal proceeding was commenced or continued by the defendant against the plaintiff, that the criminal proceeding was terminated in the plaintiff's favor, that the criminal proceeding was commenced or continued in the absence of probable cause and that the defendant acted with actual malice (see De Lourdes Torres v Jones, 26 NY3d 742, 760 [2016]; Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]). Upon reviewing the complaint, we find that plaintiff sufficiently stated a cause of action for malicious prosecution. Thus, contrary to defendants' assertion, dismissal of the malicious prosecution claim on CPLR 3211 (a) (7) grounds is not warranted.
We must next determine whether, as defendants contend, the malicious prosecution claim against the Town is barred by the doctrine of judicial immunity. Under the doctrine of judicial immunity, a judge is immune from civil liability for any acts that he or she performs in the exercise of his or her judicial function (see Mosher-Simons v County of Allegany, 99 NY2d 214, 219 [2002]; Best v State of New York, 116 AD3d 1198, 1199 [2014]; Salzano v Town of Poughkeepsie, 300 AD2d 716, 717 [2002]).
Defendants correctly observe that plaintiff's malicious prosecution claim against the Town is premised solely upon the Town Justice signing the warrant authorizing plaintiff's arrest.[FN2] The record indisputably establishes that the Town Justice signed the arrest warrant in the exercise of his judicial function. Consequently, the doctrine of judicial immunity applies and Supreme Court should have dismissed the malicious prosecution claim against the Town on that basis (see Best v State of New York, 116 AD3d at 1199; Salzano v Town of Poughkeepsie, 300 AD2d at 717; Word v City of Mount Vernon, 65 AD2d 622, 622 [1978], lv denied 47 NY2d 706 [1979]).
We now turn to whether the Village is entitled to summary judgment dismissing the malicious prosecution claim against it. As the proponents of the summary judgment motion, defendants "bore the burden of making a prima facie showing that plaintiff will be unable to establish at least one of the[] elements" of the malicious prosecution claim (James v Flynn, 132 AD3d 1214, 1215 [2015]; see Hoyt v City of New York, 284 AD2d 501, 502 [2001], lv denied 97 NY2d 603 [2001]). As noted above, those elements include (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) termination of the criminal proceeding in the plaintiff's favor, (3) the absence of probable cause for the criminal proceeding and (4) actual malice (see De Lourdes Torres v Jones, 26 NY3d at 760; Broughton v State of New York, 37 NY2d at 457).
There is no dispute that a criminal proceeding was commenced against plaintiff here (see generally De Lourdes Torres v Jones, 26 NY3d at 760).[FN3] As for the second element, not all types of [*2]terminations will qualify as "favorable"; however, a termination, including a dismissal in the interest of justice, may be favorable to the plaintiff if it is "not inconsistent with her [or his] innocence" (Cantalino v Danner, 96 NY2d 391, 395-396 [2001]; see Smith-Hunter v Harvey, 95 NY2d 191, 198 [2000]). Here, the record merely discloses — by virtue of a certificate of disposition — that the grand larceny charge against plaintiff was dismissed on April 20, 2017. In the absence of any evidence that the termination was inconsistent with plaintiff's innocence, defendants have not made a prima facie showing that plaintiff will be unable to establish termination of the criminal proceeding in her favor (see Goldenberg v Capital One N.A., 186 AD3d 810, 812-813 [2020]; compare Martinez v City of Schenectady, 97 NY2d 78, 84-85 [2001]).
Defendants further argue that plaintiff will be unable to establish the third and fourth elements — namely, the absence of probable cause and actual malice. To establish probable cause, defendants relied on the arrest warrant signed by the Town Justice, which gave rise to a presumption of probable cause (see Broughton v State of New York, 37 NY2d at 458; Mahoney v State of New York, 147 AD3d 1289, 1291 [2017], lv denied 30 NY3d 906 [2017]), as well as the underlying arrest warrant application and supporting documents. Included in the arrest warrant application was a sworn statement from the daughter, who attested that she "did not sign a power of attorney or give [plaintiff] permission" to withdraw money from her bank account. The warrant application also included an incident report narrative detailing the CPD's investigation into the daughter's allegations. As reflected in that narrative, the CPD confirmed and corroborated many aspects of the daughter's allegations by, among other things, obtaining video footage of plaintiff making withdrawals from the daughter's NBT Bank account, inquiring with the bank manager as to the existence of a power of attorney and confirming with the Social Security office that plaintiff was not a representative payee on the daughter's disability checks. Considering the foregoing, defendants amply satisfied their prima facie burden of establishing that the criminal proceeding was supported by probable cause (see Batten v City of New York, 133 AD3d 803, 805-806 [2015], lv denied 28 NY3d 902 [2016]). Further, upon consideration of the same proof, which shows that the CPD was acting upon the daughter's sworn statement and conducted a monthlong investigation into her allegations, defendants have made a prima facie showing that plaintiff will be unable to establish that the CPD acted with actual malice (see generally De Lourdes Torres v Jones, 26 NY3d at 761-762).
The burden thus shifted to plaintiff to raise questions of fact on the elements of probable cause and actual malice (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). To that end, plaintiff asserts that the CPD investigation was flawed because the investigating officers were aware of the possibility that a power of attorney could exist, but nonetheless did not interview or otherwise inquire with her as to its existence. To succeed on this theory and overcome the presumption of probable cause arising from the valid arrest warrant, plaintiff has to demonstrate that the CPD's conduct deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures (see Gisondi v Town of [*3]Harrison, 72 NY2d 280, 285 [1988]; Lee v City of Mount Vernon, 49 NY2d 1041, 1043 [1980]; Harris v State of New York, 302 AD2d 716, 717 [2003]; Hernandez v State of New York, 228 AD2d 902, 904 [1996]). To be clear, "the mere failure to follow some leads does not amount to an egregious deviation from accepted practices," as the police are neither obligated nor expected to pursue every lead that may benefit the accused, even if they have the knowledge and ability to investigate such lead (Batten v City of New York, 133 AD3d at 806; see Gisondi v Town of Harrison, 72 NY2d at 285).
In the instant case, defendants made their motion for summary judgment prior to the completion of discovery. Plaintiff therefore has not yet had an adequate opportunity to ascertain — through means such as deposing the investigating police officers — whether there was any deviation from acceptable police practices or an issue of fact in that regard. In other words, plaintiff's ability to raise a material question of fact on the issues of probable cause and actual malice was hindered by the lack of full and complete discovery. Accordingly, at this juncture, the Village is not entitled to summary judgment dismissing the malicious prosecution claim against it (see CPLR 3212 [f]; Blake v City of New York, 148 AD3d 1101, 1107-1108 [2017]).
To the extent that we have not addressed any of defendants' arguments, they have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the malicious prosecution claim against defendant Town of Otsego; motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Given that defendants answered the complaint, their motion was a CPLR 3212 motion for summary judgment, despite being based in part upon CPLR 3211 (a) grounds (see DelVecchio v Collins, 178 AD3d 1336, 1336 n [2019]).

Footnote 2: Plaintiff has not contested defendants' argument in this regard. Instead, plaintiff asserts that liability should be predicated upon the actions of the Otsego County District Attorney, an employee of Otsego County. Neither Otsego County nor the Otsego County District Attorney is a party to this action.

Footnote 3: Whether the criminal proceeding was maliciously continued against plaintiff is not at issue in this action. Indeed, neither the CPD nor the Village had the ability to seek termination of the criminal proceeding after it was commenced. Thus, to the extent that plaintiff takes issue with the amount of time it took for the criminal proceeding to be dismissed after she produced the power of attorney, any such claim should have been brought against Otsego County and/or the Otsego County District Attorney.