Buckley v 18 E. Main St., LLC (2021 NY Slip Op 06592)





Buckley v 18 E. Main St., LLC


2021 NY Slip Op 06592


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532736
[*1]Kathy Buckley, Appellant,
v
18 East Main Street, LLC, et al., Defendants, and Monroe Mechanical Services, Inc., Respondent.

Calendar Date:October 15, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Abdella & Sise, LLP, Gloversville (Robert Abdella of counsel), for appellant.
Goldberg Segalla, LLP, Albany (Meghan M. Brown of counsel), for Monroe Mechanical Services, Inc., respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Slezak, J.), entered November 20, 2020 in Montgomery County, which, among other things, granted that part of a motion by defendant Monroe Mechanical Services, Inc. for summary judgment dismissing the second amended complaint against it.
In June 2017, plaintiff was walking home along the sidewalk next to a gas station when she stepped on a stone, fell and twisted her ankle. On the day of the fall, defendant Monroe Mechanical Services, Inc. (hereinafter defendant) had been performing an ongoing excavation contract to remove old gas tanks and install new ones, which involved digging up dirt and rocks from around the old tank and backfilling new stones into the hole after the tanks had been installed. Plaintiff brought this action against defendant alleging claims for negligence and violations of Labor Law §§ 200 and 241.[FN1] Following joinder of issue and some discovery, defendant moved for, among other relief, summary judgment dismissing the second amended complaint, arguing that it did not owe a duty of care to plaintiff. Plaintiff opposed the motion, arguing, among other things, that summary judgment was premature because discovery was not yet complete and that there were questions of fact that could not be resolved at the summary judgment stage. Supreme Court granted that part of defendant's motion as sought dismissal of the second amended complaint against it. Plaintiff appeals.[FN2]
Initially, plaintiff argues that summary judgment should have been denied because discovery was not yet complete, specifically asserting that there were depositions still outstanding. However, other than an email chain between attorneys discussing the scheduling of potential depositions, plaintiff did not submit any evidence that she had demanded any depositions that were still outstanding and gave only conclusory assertions before Supreme Court that more discovery was warranted. Therefore, the court properly concluded that defendant should not be precluded from making this motion (see State of New York v Jeda Capital-Lenox, LLC, 176 AD3d 1443, 1447 [2019]; compare Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1728-1729 [2020]).
Turning now to the merits, to establish negligence, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016] [internal quotation marks and citation omitted]). Absent a duty, "there can be no liability," and "[t]he definition and scope of an alleged tortfeasor's duty owed to a plaintiff is a question of law" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d at 825; see Baker v Buckpitt, 99 AD3d 1097, 1098 [2012]). In general, a contractual agreement does not "give rise to tort liability in favor of a noncontracting injured third party" (Baker v Buckpitt, 99 AD3d at 1098; see Espinal v Melville Snow Contrs., 98 NY2d [*2]136, 138 [2002]). One exception to this principle is "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm" (Espinal v Melville Snow Constrs., 98 NY2d at 140 [internal quotation marks, brackets and citation omitted]; accord Vogle v North Country Prop. Mgt., LLC, 170 AD3d 1491, 1492 [2019]; see Jubie v Emerson Mgt. Enters., LLC, 189 AD3d 2030, 2030 [2020]).
In support of its motion, defendant submitted, among other things, the deposition of plaintiff, who stated that, on the day of the accident, she was walking on the east side of the gas pumps when she stepped on a stone, fell and twisted her ankle. Plaintiff described the stone that she stepped on as grey and "[q]uite a bit" bigger than a quarter but smaller than a person's fist. Plaintiff did not witness any of defendant's employees placing stones on the sidewalk or causing stones to be there but believed that defendant caused the stone she tripped on to be on the sidewalk because defendant was digging. Plaintiff recalled that there was a "big hole," as well as a pile of gravel and stones, but could not give its precise location and believed defendant was digging to the west of the gas pumps. Plaintiff spoke with her cousin,[FN3] who was driving by at the time, and, although she told her cousin that she was fine, plaintiff then had difficulty walking home and needed to go to urgent care. Around dinner time, plaintiff returned to the gas station and informed the manager of her fall.
Defendant also submitted the deposition of its vice-president, Mark Kinney, who testified that, while excavating, stones and debris were directly loaded into a truck and taken away. Defendant installed a temporary fence, in part to prevent stones and debris from spilling onto the sidewalk, and defendant's employees were instructed to clear the sidewalk on a regular basis. Kinney was not on site every day but, on the days that he was there, he recalled the sidewalk being clean. Kinney said that, at a minimum, the sidewalk was cleared at the end of every day and that, on the day of the accident, he recalled the sidewalk being clean. Kinney explained that defendant used industry-standard stones to backfill, which are small, grey stones three eighths of an inch or smaller, but that natural stones were also dug up. A supervisor for defendant averred in an affidavit that, at the end of the day before the accident, the sidewalk was cleaned and he personally inspected it to ensure there was no debris on it. He explained that, on the day of the accident, excavation work was performed on the west side of the gas pumps that required the removal of dirt and rocks. The supervisor said that, on that date, dirt and rocks were also excavated from the east side of the gas station. The excavated materials were directly loaded into a truck for removal and, despite routinely checking the area, the supervisor never observed any debris [*3]on the sidewalk.
Based upon these submissions, defendant, as the moving party, failed to meet its "burden to establish its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence demonstrating the absence of any material questions of fact" (Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d 1192, 1193 [2017]). First, although defendant submitted proof that excavation on the day of the accident occurred on the west side of the gas station, and plaintiff fell on the east side, the supervisor's affidavit, supported by a daily job report also submitted by defendant, stated that dirt and rocks were also dug up on that date on the east side of the gas station. Although the rocks that defendant used to backfill the hole were smaller than the stone that plaintiff alleges she tripped on, large quantities of rocks were removed from the hole, some of which included natural rocks that could have been of a larger size. Kinney and the supervisor both stated that they did not see any rocks on the sidewalk and checked to ensure that it was clear. Plaintiff's testimony, however, established that there was at least one rock on the sidewalk that she tripped over. Although there is no direct evidence that defendant caused that particular rock to be on the sidewalk, viewing the evidence in the light most favorable to plaintiff, as the nonmoving party, circumstantial evidence raises the possibility that while defendant was excavating thousands of stones, at least one of them could have ended up on the sidewalk. Therefore, defendant has failed to demonstrate that it did not "launch[] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks and citations omitted]; see generally Jubie v Emerson Mgt. Enters., LLC, 189 AD3d at 2031; Vogle v North Country Prop. Mgt., LLC, 170 AD3d at 1492-1493). Accordingly, Supreme Court erred in dismissing the negligence cause of action against defendant.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion for summary judgment by defendant Monroe Mechanical Services, Inc. dismissing the negligence cause of action against it; motion denied to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Plaintiff subsequently filed two amended complaints, ultimately adding claims against defendants 18 East Main Street, LLC, SNK Petroleum Wholesalers, Inc. and Hari Krishna Enterprise, Inc. Defendant asserted a cross claim against both codefendants.

Footnote 2: Plaintiff does not challenge the dismissal of her Labor Law claims on this appeal.

Footnote 3: Plaintiff's cousin was deposed and, although she admitted to having seen plaintiff fall, she did not see the surface upon which plaintiff was walking.