Michaels v State of New York (2022 NY Slip Op 01489)





Michaels v State of New York


2022 NY Slip Op 01489


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

531505
[*1]Norman J. Michaels Jr., Appellant,
v
State of New York, Respondent.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

The Kindlon Law Firm, PLLC, Albany (Lee C. Kindlon of counsel), for appellant.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Court of Claims (Schaewe, J.), entered May 12, 2020, which granted defendant's motion for summary judgment dismissing the claim.
Following an investigation by the Department of Financial Services, claimant was indicted on four counts related to a scheme to enroll allegedly ineligible individuals in a health insurance plan. He was convicted of grand larceny in the second degree and scheme to defraud in the first degree but, on appeal, this Court reversed the judgment of conviction and dismissed the indictment (People v Michaels, 132 AD3d 1073 [2015]). Claimant then commenced this action, asserting causes of action for malicious prosecution and negligence. After joinder of issue, defendant moved for summary judgment dismissing the claim. The Court of Claims granted the motion. Claimant appeals, challenging only the court's dismissal of his malicious prosecution cause of action.
"To make out a claim for malicious prosecution, a claimant must establish: (1) the commencement or continuation of a criminal proceeding by the defendant against the claimant, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice" (Jenkins v State of New York, 171 AD3d 1368, 1369 [2019] [internal quotation marks, brackets and citations omitted]; see De Lourdes Torres v Jones, 26 NY3d 742, 760 [2016]; Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1725-1726 [2020]; Michaels v MVP Health Care, Inc., 167 AD3d 1368, 1371 [2018]). An indictment of the claimant creates a presumption of probable cause for the prosecution (see De Lourdes Torres v Jones, 26 NY3d at 761; Jenkins v State of New York, 171 AD3d at 1369). In a malicious prosecution action against the police or similar government investigators, "[t]he presumption may be overcome . . . by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the [g]rand [j]ury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith" (Colon v City of New York, 60 NY2d 78, 82-83 [1983]; accord De Lourdes Torres v Jones, 26 NY3d at 762; see Michaels v MVP Health Care, Inc., 167 AD3d at 1372). In other words, to overcome the presumption, claimant "must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (Colon v City of New York, 60 NY2d at 83).
It is undisputed that a criminal proceeding was commenced against claimant and terminated in his favor. Defendant satisfied its burden to obtain summary judgment by submitting the indictment and other evidence establishing probable cause and a lack of malice. Claimant asserts that he rebutted the presumption of probable cause by demonstrating that a Department of Financial Services investigator made false representations to the grand [*2]jury. However, the record — including the investigator's grand jury testimony — does not support claimant's assertion. Moreover, "there is no requirement that the prosecution disclose to the grand jury all the evidence in its possession that is favorable to the accused even though such information undeniably would allow the grand jury to make a more informed determination" (Abdul-Aziz v City of New York, 56 AD3d 291, 293 [2008], lv denied 12 NY3d 712 [2009]). Accordingly, the Court of Claims properly granted defendant's motion for summary judgment dismissing the claim.
Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.