Kelsey v Catena (2023 NY Slip Op 03394)

Kelsey v Catena

2023 NY Slip Op 03394

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535761 535762
[*1]Michael N. Kelsey, Appellant,
v
Felix Catena, Individually and as Judge of the County Court of St. Lawrence County, et al., Respondents.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Michael N. Kelsey, Salt Point, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Felix Catena and others, respondents.
Stephen D. Button, County Attorney, Canton, for St. Lawrence County Legislature, respondent.

McShan, J.
Appeals from two orders of the Supreme Court (Richard M. Koweek, J.), entered January 21, 2022 and April 13, 2022 in Columbia County, which granted defendants' motions to dismiss the amended complaint.
Plaintiff was convicted in 2016 of sexual abuse in the first degree, attempted sexual abuse in the first degree, forcible touching and two counts of endangering the welfare of a child. This Court affirmed his convictions (People v Kelsey, 174 AD3d 962 [3d Dept 2019], lv denied 34 NY3d 982 [2019], cert denied ___ US ___, 141 S Ct 2607 [2021]) as well as the subsequent dismissal of plaintiff's application for habeas corpus relief (People ex rel. Kelsey v Lewin, 203 AD3d 1366 [3d Dept 2022], appeal dismissed 38 NY3d 1054 [2022]).[FN1] In August 2020, plaintiff brought the instant action pursuant to 42 USC § 1983 against defendant Felix Catena, the County Court Judge who presided over his criminal trial; defendant Kim Nethaway, the stenographer who transcribed the trial; and defendant Janet DiFiore, the former Chief Judge of the Court of Appeals (hereinafter collectively referred to as the state defendants) as well as defendant St. Lawrence County Legislature (hereinafter the County).[FN2] The gist of plaintiff's claims revolve around his criminal trial and his belief that various alleged deficiencies in the proceedings deprived him of due process and negatively impacted the appeal of his ensuing conviction.
Following Supreme Court's (Clark, J.) transfer of the action from Oneida County to Columbia County, Supreme Court (Koweek, J.) ordered plaintiff to serve an amended summons and complaint on defendants by first class mail. The state defendants then moved to dismiss the amended complaint on the bases that, as is relevant here, Nethaway had not been properly served and Catena was entitled to judicial immunity. The County separately moved to dismiss the amended complaint on the basis that, among other things, plaintiff had failed to state a cause of action against it. In January 2022, Supreme Court granted the County's motion and, thereafter, in April 2022, granted the state defendants' motion and dismissed the amended complaint in its entirety. Plaintiff appeals both orders.
We affirm. At the outset, we note that Supreme Court's order allowing for service by mail is unspecific with respect to where such service should be effectuated.[FN3] Nonetheless, the authority to effectuate service by mail cannot simply be directed at any address; rather, service should be undertaken in a manner that is reasonably calculated to apprise a party of the pendency of an action (see generally Dobkin v Chapman, 21 NY2d 490, 503 [1968]). As relevant here, as Supreme Court provided no indication as to the appropriate address to effectuate service on Nethaway, plaintiff contends that he properly sent notice by regular mail to her actual place of business (see CPLR 308 [2]). However, there is no dispute that Nethaway was retired at the time of service and, accordingly, service at [*2]the Montgomery County courthouse would not suffice as her actual place of business as understood pursuant to CPLR 308 (6) (see Everbank v Kelly, 203 AD3d 138, 147 [2d Dept 2022]; Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355-1356 [3d Dept 2013]; Balendran v North Shore Med. Group, 251 AD2d 522, 523 [2d Dept 1998]). Further, the fact that the letter was eventually forwarded to Nethaway by a relative still working at the courthouse is insufficient to confer jurisdiction (see J.R. v State of New York, Dept. of Educ., 183 AD3d 1042, 1043 [3d Dept 2020]; Brown v Midrox Ins. Co., 108 AD3d 921, 923 [3d Dept 2013]). Ultimately, plaintiff bore the burden of establishing that jurisdiction was acquired (see Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [3d Dept 2019]; Greene Major Holdings, LLC v Trailside at Hunter, LLC, 148 AD3d 1317, 1321 [3d Dept 2017]), and we therefore agree with Supreme Court's determination to dismiss the claims against Nethaway based upon plaintiff's failure to establish that jurisdiction was obtained.
As to plaintiff's request that this Court grant an extension to effectuate service in the interest of justice, we decline to do so under the circumstances before us. Plaintiff did not seek such relief from Supreme Court and we discern no reason to consider his request for the first time on appeal (see Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954, 955-956 [2d Dept 2023]; see also JPMorgan Chase Bank N.A. v Kelleher, 188 AD3d 1484, 1485 n 1 [3d Dept 2020], affd 37 NY3d 1038 [2021]; compare Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744 [2d Dept 2018]). In any event, considering the various factors for which such a request may be granted — most notably, the lack of any support for plaintiff's theory of implied warranty or products liability pertaining to purported deficiencies in the stenographer's transcription services during an official proceeding (see generally Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 501 [2019]) — an extension is not warranted in the interest of justice (see Pierce v Village of Horseheads Police Dept., 107 AD3d at 1358).
Turning to those causes of action against Catena based upon his conduct during the trial and posttrial proceedings, "[t]here are only two recognized exceptions to the broad cloak of judicial immunity, namely when a judge does not act as a judge, or when a judge, though acting under color of judicial authority, lacks any jurisdiction supporting judicial authority for the action taken" (Best v State of New York, 116 AD3d 1198, 1199 [3d Dept 2014] [internal quotation marks, brackets and citation omitted]). Contrary to plaintiff's contention, the off-record "trial hearings, plea discussions[ ] and evidentiary debates" were clearly encompassed within Catena's judicial role, and any ensuing errors would be subject to objection and, consequently, a direct appeal in the context of his criminal matter (see [*3]Judiciary Law § 295; People v Harrison, 85 NY2d 794, 797 [1995]; People v Vasquez, 89 NY2d 521, 534 [1997], cert denied 522 US 846 [1997]; People v Rick, 224 AD2d 790, 790 [3d Dept 1996], lv denied 88 NY2d 852 [1996]). Similarly, the supervision of a court stenographer regarding what portions of the trial are transcribed or held off the record are part and parcel to the judge's role of presiding over a trial (see generally Judiciary Law §§ 13, 28; Judiciary Law art 9; compare Antoine v Byers & Anderson, Inc., 508 US 429, 436 [1993]). As to the posttrial proceedings, CPL 440.10 (1) clearly provides that the authority to vacate a judgment is provided to "the court in which it was entered." Thus, plaintiff's contention that Catena could not preside over the post-conviction motions has no merit based upon the plain language of the statute. Moreover, plaintiff's assertion of bias in the proceedings is, in sum and substance, a collateral attempt to raise the claim that Catena was required to recuse himself, which plaintiff could have raised during the criminal proceedings, at which time such determination would clearly fall within the ambit of Catena's judicial function (see Judiciary Law § 14; People v Standsblack, 162 AD3d 1523, 1527 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]; People v Garrow, 148 AD3d 1459, 1460 [3d Dept 2017], lv denied 29 NY3d 1031 [2017]; see also People v Roshia, 206 AD3d 1057, 1057 [3d Dept 2022]; see generally Matter of Maxwell v Zambelli, 136 AD3d 827, 828 [2d Dept 2016]). In sum, we find that Supreme Court properly determined that the entirety of the complained of conduct on the part of Catena is protected by judicial immunity and, accordingly, dismissal was appropriate (see Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1726 [3d Dept 2020]; Walker v State of New York, 151 AD3d 1147, 1148 [3d Dept 2017]).
Finally, as to plaintiff's contentions directed at dismissal of the complaint alleging liability on the part of the County, the sole contention raised in his brief — predicated on a landlord/tenant theory of liability — is raised for the first time on appeal and, to the extent it has any merit at all, is unpreserved for our review (see Marshall v City of Albany, 184 AD3d 1043, 1044 [3d Dept 2020]).[FN4] As to the remainder of plaintiff's contentions that are not expressly addressed herein, we have considered them and determined that they are wholly lacking in merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: We also recently affirmed the dismissal of a separate action based in fraud that plaintiff had brought related to the underlying events that resulted in his criminal charges (see Kelsey v Lenore R., 211 AD3d 1361, 1363 [3d Dept 2022], appeal dismissed 39 NY3d 1091 [2023]).

Footnote 2: Plaintiff has expressly abandoned any argument concerning the dismissal of his claims against the former Chief Judge (see Markel v Scavo, 292 AD2d 757, 759 [3d Dept 2002]).

Footnote 3: Supreme Court allowed plaintiff to serve Nethaway and the other defendants by regular mail as part of its decision to grant plaintiff relief pursuant to CPLR 1101. The court presumably directed such service under CPLR 308 (5), which allows the court to craft an appropriate manner of service if it determines that personal service pursuant to CPLR 308 (1), (2) and (4) is "impracticable." However, we note that there is no indication from the record that plaintiff affirmatively sought such relief or made the required showing that service was impracticable under the circumstances. In particular, the record is devoid of any indication that plaintiff made efforts to ascertain an appropriate address to effectuate proper service on Nethaway (see generally Oglesby v Barragan, 135 AD3d 1215, 1216 [3d Dept 2016]).

Footnote 4: Plaintiff initially sought to hold the County liable under a theory that it had the authority to supervise and impose its own policies over those defendants employed by the Unified Court System. However, he does not raise any argument on this appeal with respect to Supreme Court's determination that such claims lacked merit and we therefore deem his contentions with respect to that theory abandoned (see Matter of CCAP Auto Lease Ltd. v Savannah Car Care, Inc., 211 AD3d 1210, 1213 n [3d Dept 2022]).